[No. 4002.    Decided April 17, 1902.]

O. A. MENGER et ux., Respondents, v. WILLIAM SCHULZ et ux., Appellants.

SPECIFIC PERFORMANCE — ENFORCEMENT OF SALE OF LAND — INSUFFICIENCY OF EVIDENCE.

A decree for the specific performance of a contract for the sale of realty will not be disturbed on appeal, where there is evidence showing that possession had been taken by the purchaser, improvements made on the land, the purchase price partly paid and the balance tendered, as the enforcement of the contract under such circumstances is a matter peculiarly within the sound discretion of the trial court.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

Myers & Warren, for appellants.

Martin & Grant, for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Action for the specific performance of sale of real estate. The real estate consisted of two parcels. one containing one acre, and the other between four and five acres, separated by a road about thirty rods wide.

The appellants are husband and wife, and the realty was community estate. The superior court found as facts that appellant William Schulz entered into a parol agreement in May, 1900, with plaintiffs for the sale of the realty, and that at the time the premises were in the possession of, and owned by appellants, and said appellant William Schulz entered into the agreement with plaintiffs to sell the two tracts of realty for the sum of $160 ($100 for the acre tract and $60 for the other tract), $100 of which was to be cash, and $45 evidenced by a promissory note, and $15 in merchandise; that plaintiffs were merchants, and had a store in the town of Reardan, Lincoln county; that, at the time of the agreement, plaintiffs, with the consent of the defendants, entered into the possession of a portion of the real estate, the one-acre tract, and have ever since had the control of the same, improving and farming and cultivating a portion of the premises; that the plaintiffs performed their part of the contract, paid the $100 in cash, and furnished the merchandise to appellants, and tendered the note for $45, as well as the cash for the balance due appellants; that appellants refused to accept the $45 after receiving from plaintiffs the other portion of the purchase price, and after having executed a deed, and delivered the same, for the one-acre tract; that the deed made by appellants to the one-acre tract was duly signed by each, but Bertha Schulz did not acknowledge the deed before a notary public; that the deed for the other tract was not delivered at the same time, for the reason that appellant William Schulz desired to make settlement with the railroad company for right-of-way before deeding the same; that at the time the appellant Bertha Schulz had full knowledge of the contract of the sale made by her husband, and all the terms and conditions thereof, and of the purposes for which plaintiffs desired to purchase the

real estate, and that after the contract was made the appellant Bertha Schulz, having full and complete knowledge thereof, and of all the conditions thereof, by her acts and declarations acquiesced in, consented .to, and ratified the same, as made by her husband; and that appellants now are, and since the day of the contract have been, able to comply with all its terms.

Appellants answered the complaint separately. William Schulz admitted the making of the oral agreement, and the receipt of the $100 in cash and the $15 in merchandise, but, as affirmative defense, pleaded that the agreement was an oral one, and not enforceable. Appellant Bertha Schulz denied that she made or agreed to the contract of sale, but admitted her signature to the deed of the one-acre tract, and that she acquiesced in the sale of that parcel, and likewise alleged that the oral agreement was not enforceable. The facts found by the court support the decree. Specific performance of the contract for the sale of realty, where possession has been taken by the purchaser, and improvements made thereon, and the purchase price largely paid, and the balance tendered, is peculiarly within the sound judicial discretion of the trial court. From an examination of the evidence here in the record, we are satisfied with the findings of fact. The only issues presented are questions of fact.

The decree is affirmed.

WHITE, FULLERTON, HADLEY, ANDERS, DUNBAR and MOUNT, JJ., concur.