[No. 4032.   Decided May 3, 1902.]

ANNIE M. JOHNSON, *Appellant,* v. PUGET MILL COMPANY,
*Respondent.*

VENDOR AND PURCHASER — CONTRACT OF SALE — PART PERFORMANCE —
    RECOVERY OF PAYMENTS MADE.

An oral contract for the sale of real estate cannot be avoided
by the purchaser, and an action for money had and received
maintained for the recovery of an installment of the purchase
price paid, where the purchaser had been put in possession upon
payment of a portion of the purchase price, thus constituting
such part performance as would take the contract out of the stat-
ute of frauds and render it enforcible at the suit of either party.

Appeal from Superior Court, King County.—Hon.
GEORGE MEADE EMORY, Judge.  Affirmed.

*S. S. Langland* and *W. T. Scott,* for appellant.

*Struve, Allen, Hughes & McMicken,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On the 18th day of August, 1899, one
Peter Johnson died intestate, leaving no debts.   The ap-
pellant in this case survived him as his widow, there
being no children of the deceased.   The money herein-
after mentioned as having been paid to respondent was
the community property of appellant and her deceased
husband.   In the month of August, 1891, the respondent
entered into a verbal contract with appellant's husband,
the said Peter Johnson, whereby respondent agreed to
sell and convey to appellant's husband certain real es-
tate in Jefferson county, Washington.   It appears from
the pleadings as agreed upon at the trial, that the pur-
chase price agreed to be paid was $2,000; that $350 of
said sum was to be paid at the date of said agreement,

$1,200 on the delivery of a deed in the month of November following, and the balance was to be payable in two notes of equal amount, due in one and two years, respectively, after date of the deed, with interest at eight per cent. per annum; the notes to be secured by mortgage upon the premises so conveyed. At the time of making said agreement, appellant's husband paid respondent the sum of $350 cash. Appellant brought this action to recover from respondent the said sum of $350, with interest thereon from the date of the payment aforesaid. Appellant alleges that in December, 1899, respondent notified her that it considered itself no longer bound by said agreement; that, upon demand, respondent refused to refund said money; and that it holds the same for the benefit of appellant. It is further alleged that at all times the respondent had no title to said land, but that the same was and is a military reservation owned by the United States. The making of the contract is admitted, and also the fact that the $350 was paid at the same time, but the averment that respondent had no. title to the land is denied. It is further affirmatively alleged by way of answer that after the payment aforesaid the said Johnson, during his lifetime, wholly neglected and refused to pay the said $1,200, or any part thereof, or anything further on account of said purchase price of $2,000, and failed in each and every particular to comply with the remaining terms of said contract. It is also alleged that it was a part of said agreement that the said Johnson should wholly forfeit the said $350 in the event he did not perform said contract of purchase, in making payment of the balance of the agreed purchase price according to the terms aforesaid. It is further alleged that respondent has at all times performed all the terms of said contract upon its part to be performed, and

has at all times been ready and willing, and is now ready and willing to make conveyance of a full and perfect title to said premises to appellant whenever she shall pay or cause to be paid to respondent the balance of said purchase price, with interest thereon. It is also alleged that, after the time for payment under said contract had expired, the said Johnson notified respondent that he had elected to abandon said contract, and that he did abandon possession of said premises, and refused to further perform said contract. The statute of limitations is also interposed as a defense to the action. The cause was tried by the court without a jury, a jury being waived. The court made findings of fact, and entered conclusions of law to the effect that no cause of action exists for the recovery sought, and, further, that any cause of action in the premises is barred by the statute of limitations. A motion for new trial was overruled, and judgment was thereupon entered dismissing the action, with costs taxed to the plaintiff. From said judgment, plaintiff appeals.

It is assigned as error that the court concluded, as a matter of law, that no cause of action exists for the recovery sought in the complaint, and also that any cause of action in the premises is barred by the statute of limitations. The court found that the allegation of the complaint that the respondent was without title to the lands, but that the same were owned by the United States government, was not proven, and that there was no evidence to support such allegation. It was further found that at the time said contract was made, and ever since, the respondent was and is the owner in fee simple of said premises. It was further found that neither the deceased Johnson, nor any one in his behalf, ever paid or offered to pay any further part of said purchase price after the payment of said $350. These findings are fully support-

ed by the testimony. From a reading of the complaint it would appear that appellant based her right of recovery upon the theory that respondent was not the owner of the premises sold, and that it for that reason could not perform its part of the contract by the conveyance of good title, from which it would follow that no obligation rested upon the deceased, Johnson, to make further payments, and that he was entitled to recover what he had already paid by reason of breach of contract on respondent's part. But appellant's counsel, in their brief, say that the action was brought for money had and received, and that it was brought and tried upon the theory stated in the following quotation from counsel's brief:

"The contract to sell real estate by defendant to said deceased Johnson being within the statute of frauds it was voidable, not void. That is, it can be enforced or it cannot—depending upon the action of the parties. It rests upon the concurrent continued consent of the parties. Either party can repudiate it by notifying the other that he will not be bound any longer by it, provided that the parties thereto have not acted upon it to such an extent as to make it binding, viz: part performance. The statute is a defense which can be taken advantage of or not. It concerns the remedy and not the terms of the contract within it, like the statute of limitation. And the action in the case at bar accrued when the plaintiff demanded the return of the money and defendant refused, and it also repudiated the contract when it stated it considered itself no longer bound by it."

The difficulty attending the maintenance of counsel's theory above stated is that the proofs in this case show that, although the contract was oral, yet there was a part performance,—a payment upon the one hand, and a yielding of possession upon the other. A letter introduced in evidence by appellant, written by her direction to respondent, states that her deceased husband made im-

provements upon sixty acres of the land, to the extent of $400 in value. Appellant's own proofs, therefore, show that there was such part performance as rendered this contract binding, and that it could not be repudiated at the will of either party. Possession of the land having been transferred, and a payment having been made, there was sufficient part performance of the contract to sustain a decree for its specific enforcement. See Browne, Statute of Frauds (5th ed.), § 467, and numerous cases there cited. In commenting upon the dual effect of delivery of possession under a verbal contract for the sale of land, the same author, at § 468, observes as follows:

"The subject of possession under a verbal contract for land is to be regarded from two points of view: the one where the purchaser relies upon it as *taken* by him, and the other where the vendor relies upon it as *delivered* by him, in pursuance of the contract."

Even now, notwithstanding any question as to lapse of time or previous default by said Johnson, respondent, in its answer, says it is ready and willing to fully perform said contract whenever appellant shall pay or cause to be paid the balance of said purchase price, and interest thereon. Under such circumstances, although respondent may have heretofore said it did not consider itself longer bound by the contract, and even though it may not be bound in law to further perform, yet, when it stands ready to fully perform a hitherto binding contract, we think appellant cannot be heard to say that she repudiates the contract, and demands a return of the money paid. Appellant was the first to undertake a repudiation of the contract when in her letter to respondent she demanded a return of the money; placing her demand upon the ground, however, that respondent was unable to perform, by reason of not holding title to the land. Respondent, in its reply to the

letter, did not, in terms, refuse to perform in the event appellant should fully pay the amount required by the contract, but merely stated, in effect, that it did not consider itself longer bound. In *Ketchum v. Evertson,* 13 Johns. 358-364 (7 Am. Dec. 384), it is said:

"It may be asserted, with confidence, that a party who has advanced money, or done an act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to proceed and fulfill all his stipulations, according to the contract, has never been suffered to recover for what has been thus advanced, or done. The plaintiffs are seeking to recover the money advanced on a contract every part of which the defendant has performed, as far as he could by his own acts, when they have voluntarily and causelessly refused to proceed, and thus have, themselves, rescinded the contract.

"It would be an alarming doctrine, to hold, that the plaintiffs might violate the contract, and, because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have."

Directly to the same effect are the following: *McKinney v. Harvie,* 38 Minn. 18 (35 N. Y. 668, 8 Am. St. Rep. 640); *Plummer v. Bucknam,* 55 Me. 105; *Gray v. Gray,* 2 J. J. Marsh. 21; *Coughlin v. Knowles,* 7 Metc. (Mass.) 57 (39 Am. Dec. 759); *Galway v. Shields,* 66 Mo. 313 (27 Am. Rep. 351); *Collier v. Coates,* 17 Barb. 471.

"The right in the vendee of land by verbal contract, to recover what money or other consideration he has paid, is clearly confined to those cases where the vendor has refused or become unable to carry out the contract, the plaintiff himself having faithfully performed or offered

to perform on his part." Browne, Statute of Frauds (5th ed.), § 122.

There is no proof whatever that the respondent was not at all times, during the period covered by the terms of the contract, able, ready, and willing to fully perform its part thereof; and there is no proof that the deceased, Johnson, or the appellant, ever offered to make further payments as required by the contract. Within the rule of the above authorities, there was therefore no breach of contract on respondent's part which can form the basis of recovery; and, since the contract was so far acted upon by both parties as to become a mutually binding one, appellant cannot repudiate the contract and maintain an action, as for money had and received, to recover a payment already made, when she has not offered to fully pay the balance required by the contract. We think the court did not err in concluding that no cause of action exists in favor of appellant for the recovery which she seeks. Since we entertain this view, it is unnecessary to discuss the question of the statute of limitations.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, WHITE, MOUNT and DUNBAR, JJ., concur.