(No. 5488.   Decided August 7, 1905.)

ALICE M. JOMSLAND, *by Andrew O. Jomsland, her Guardian ad Litem, et al., Appellants,* v. NORRIS WALLACE, *Respondent.*[1]

FRAUDS—STATUTE OF—ORAL AGREEMENT TO CONVEY LAND—PART PERFORMANCE—JOINT OWNER HOLDING TITLE IN TRUST. There is such part performance of a verbal contract to convey land as to take the same out of the operation of the statute of frauds, where it appears that it was purchased by the parties jointly, and title taken in the name of the plaintiff in trust, who verbally agreed to deed to the defendant upon payment of the full consideration, that defendant went at once into the possession of the land, and had fully paid the consideration, and performed his part of the contract.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered July 23, 1904, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, decreeing the specific performance of a contract to convey land, upon defendant's counterclaim, in an action to recover possession of land.   Affirmed.

*Danson & Huneke,* for appellants.

*W. D. Scott* and *H. M. Stephens,* for respondent.

[1] Reported in 81 Pac. 1094.

CROW, J.—Action to recover possession of the northeast quarter of Sec. 12, Tp. 26, north, of range 43 E., W. M., in Spokane county, Washington. Appellant Andrew O. Jomsland is the father of appellants Alice M. Jomsland, Orlando C. Jomsland, Ida Tibbetts, and Amanda E. Wallace; while respondent Norris Wallace is the son-in-law of appellant Andrew O. Jomsland, and husband of appellant Amanda E. Wallace.

Respondent, by way of affirmative defense, in his answer alleged that, on or about the —— day of November, 1899, said Andrew O. Jomsland and respondent entered into a verbal agreement whereby they purchased the above described real estate, and also the southeast quarter of section 1 in the same township and range, from one E. J. Dyer, trustee, for the sum of $6,400; that at said time it was agreed by and between said Andrew O. Jomsland and respondent that the title to said real estate should be taken in the name of appellant Andrew O. Jomsland; that one-half thereof, to wit, the northeast quarter of said section 12, being the land in dispute, was to be held by him in trust for respondent, and deeded to respondent as his own property, as soon as the full purchase price therefor had been paid, and the southeast quarter of said section 1 was to be retained by said Andrew O. Jomsland as his separate property; that said purchase price was to be paid by the advancement of a portion thereof by said Andrew O. Jomsland, and the residue was to be procured from the proceeds of said land and other lands owned by said appellant Andrew O. Jomsland, and also by the joint efforts and services of appellant and respondent upon all of said lands; that respondent's personal services were of a value greatly in excess of appellant's; that in pursuance of said verbal agreement respondent and his wife, Amanda E. Wallace, early in the year 1900, moved upon, and took possession of, said northeast quarter of section 12, as their own property; that respondent ever since has been in possession thereof; that respondent made certain

improvements thereon; that the purchase price for said land had been fully paid by appellant and respondent in the manner stipulated, prior to the commencement of this action, and that said agreement has been fully performed, save and except that said Andrew O. Jomsland has failed and refused to convey said real estate to respondent. It is also alleged by said answer that said real estate was to become, and that it now is, the community property of said respondent and Amanda E. Wallace, his wife.

All the material allegations of the answer were denied by the reply, and upon the issues thus joined, a trial being had without a jury, the court made its findings of fact and conclusions of law, and entered judgment in favor of respondent, decreeing that he and his wife were the equitable owners of said real estate, and entitled to a conveyance thereof, and ordering said conveyance to be made. From said judgment this appeal has been taken.

The appellants Alice M. Jomsland, Orlando C. Jomsland, Ida Tibbetts, and Amanda E. Wallace, children of appellant Andrew O. Jomsland, were joined as plaintiffs in this action, they claiming that their mother, one Minnie Jomsland, wife of said Andrew O. Jomsland, died intestate in the year 1887, at which time the community consisting of said Andrew O. Jomsland and wife owned a certain homestead consisting of one hundred and sixty acres, and also a quarter section of railroad land; that after her death, there being no administration upon her estate, said real estate was held by all of said appellants as tenants in common; that the rents, issues, and profits thereof were used in the purchase of the real estate in dispute, which therefore became the common property of all of said appellants, on the theory that said Andrew O. Jomsland held the same in trust for them.

The findings of fact substantially sustain all allegations of respondent's affirmative answer. From such findings it appears that an oral contract was entered into between ap-

pellant Andrew O. Jomsland and respondent early in December, 1899, for the purchase of said land, as in the answer alleged; that shortly thereafter, to wit, in April, 1900, the respondent and his wife, in pursuance of said contract, went into possession of said land, and that said contract has been fully performed upon the part of respondent. It appears also from the evidence that, at the time of making said original contract, the respondent was not married to said Amanda E. Wallace, but that they were then about to be married, and in fact were married a very few days after the purchase of said real estate from said E. J. Dyer, trustee. It further appears that the purchase price of said land was fully paid some time during the year 1902, and that shortly thereafter said Amanda E. Wallace left her said husband, Norris Wallace, and has ever since resided with her father, separate and apart from him. The cause of this separation is not disclosed by the record.

The assignments of error presented by the appellants raise, in substance, but two questions: (1) Whether the findings of fact made by the court were sustained by the evidence; (2) whether the agreement to purchase said land in the name of appellant Andrew O. Jomsland and thereafter deed the same to respondent, being an oral contract, was within the statute of frauds. There is some considerable contention between the parties as to whether this is an action at law or in equity, said question being discussed as bearing upon the proper practice for this court to adopt in accepting or not accepting the findings of fact made by the trial court. Without discussing said question, we are satisfied, after a careful examination of all the evidence, that the findings made by the trial court are proper, being clearly sustained by the evidence; that the preponderance of said evidence is clearly with respondent, and that said findings sustain the judgment entered.

Referring to the question of the statute of frauds, it is a well established principle in equity that a verbal con-

tract for the sale of real estate can be enforced, if part performance thereof can be clearly shown. Pomeroy, Specific Performance (2d ed.), § 96 *et seq.* There is no question but that this contract has been not only partly, but fully, performed, except that appellant Andrew O. Jomsland has not executed and delivered a deed to the respondent. It is also a well established principle in equity that possession of real estate, resulting from an oral contract for the sale thereof, with the consent of the vendor, is an act of part performance which takes the contract out of the statute of frauds, even without the additional circumstances of the payment of consideration or the making of improvements. Pomeroy, Specific Performance (2d ed.), § 115 *et seq.;* *Mudgett v. Clay*, 5 Wash. 103, 31 Pac. 424; *Menger v. Schulz*, 28 Wash. 329, 68 Pac. 875; *Johnson v. Puget Mill Co.*, 28 Wash. 515, 68 Pac. 867. The evidence and findings here both show not only full payment and improvements, but also that, after the making of said oral agreement, respondent entered into possession of said land in pursuance thereof, and with the consent of appellants.

The judgment is affirmed.

MOUNT, C. J., RUDKIN, and ROOT, JJ., concur.