[No. 7067. Decided March 17, 1908.]

## H. B. KENNEDY et al., Appellants, v. F. E. ANDERSON, Respondent.[1]

FRAUDS, STATUTE OF—ORAL AGREEMENT TO CONVEY LAND—PART PERFORMANCE—ESTOPPEL. There is such part performance of an oral contract to purchase land for another as to take the same out of the operation of the statute of frauds, where it appears that a member of a firm was orally employed upon a stated consideration to secure a sale of county property and bid it in for the purchaser; that, without the purchaser's consent, he took the deed in the name of his partner; that the purchaser went into possession and made permanent improvements by erecting buildings, and maintained possession for two and one-half years, without any protest or objection from either of the partners, who knew that the purchaser was relying upon the oral agreement, and who delayed accepting tender of the amount paid from time to time without questioning the purchaser's right to the land; as they would be estopped from setting up the statute of frauds.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 11, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for the possession of real estate. Affirmed.

A. C. Macdonald (Morris, Southard & Shipley, of counsel), for appellants, cited: 2 Story, Equity Jurisprudence, 1201a; Bispham, Principles of Equity (3d ed.), 80; Perry, Trusts (4th ed.), art. 134; King v. Boston, 4 East 572; Levy v. Brush, 45 N. Y. 589; Burden v. Sheridan, 36 Iowa 125; Perry v. McHenry, 13 Ill. 227; Walter v. Klock, 55 Ill. 362; Minot v. Mitchell, 30 Ind. 228; Fox v. Heffner, 1 Watts and S. (Pa.) 372; Jackman v. Ringland, 4 Watts and S. (Pa.) 149; Bal. Code, §§ 4517, 4518 (Pierce's Code, §§ 4435, 4436); Nichols v. Opperman, 6 Wash. 618, 34 Pac.

[1]Reported in 94 Pac. 661.

162; *Brewer v. Cropp,* 10 Wash. 136, 38 Pac. 866; *Chamberlain v. Abrams,* 36 Wash. 587, 79 Pac. 204.

*John Arthur* and *R. G. Hutchinson,* for respondent.

HADLEY, C. J.—This is an action for the possession of real estate. The plaintiffs are husband and wife and allege that the land is their community property. Several persons were made defendants, but all of them except F. E. Anderson disclaimed any interest in the land and were dismissed from the action. Said F. E. Anderson also disclaimed any interest in a part of the land described in the complaint, but asserted an interest in the remainder. The cause was tried by the court without a jury, and judgment was rendered in favor of defendant Anderson's contention, from which the plaintiffs have appealed.

No record of the evidence has been brought here, and the facts as found by the court are therefore the established facts on this appeal. The material facts are as follows: Throughout the month of April, 1903, and at all times since, the appellant H. B. Kennedy and one Gasaway were, and have been, copartners as investors in lands and in tax titles to lands, with their office in the city of Seattle. On the 15th day of said month the respondent employed said Gasaway orally to secure for him, through a sale by King county, the land in controversy. It was orally agreed between them that the respondent should make written application to the board of county commissioners of King county to have the land sold, and that Gasaway should attend the sale and purchase the land for respondent, he to receive from respondent for his services in so doing $25 for each of two described tracts. On the 6th day of May, 1903, respondent made such application and the same was received and filed by the board. Thereafter the board offered the tracts for sale along with other lands, and on the 11th day of June, 1903, they were sold by the county and purchased by Gasaway, who paid for

one tract $200 and for the other $20. Gasaway, without the knowledge or consent of respondent, fraudulently procured the making of a deed conveying the two tracts, with other lands from the county, to appellant H. B. Kennedy, who accepted the deed, and Gasaway and said appellant caused it to be duly recorded.

Soon after the sale respondent tendered to Gasaway the aforesaid amounts paid for the two tracts, and also the agreed amount for his services, and respondent thereafter frequently asked for a settlement, but Gasaway always said that he first wanted to see "the old man," meaning his said partner, the appellant H. B. Kennedy. On the 19th of December, 1905, respondent made a demand in writing upon Gasaway for such settlement, and for a deed to the two tracts, and with the demand tendered to him in lawful money the sum of $312, which sum comprised the $220 purchase money, $50 for the services of Gasaway, and interest on the whole amount of $270 at six per cent per annum from June 11, 1903 to the date of the tender and demand. Gasaway refused to accept the tender and failed to procure a conveyance to respondent. Respondent renewed the tender in court with his answer in this case, adding thereto a sum sufficient to pay appellant's costs of dismissing the suit and also interest upon the principal sum to August 11, 1906. The two tracts contain fifty acres and are of the reasonable value of $25 per acre.

Ever since the said 11th day of June, 1903, respondent has been, and still is, in the possession of the two tracts, and has made valuable improvements of a permanent character thereon, including the building of three dwelling houses, a blacksmith shop, a barn, and the cultivation of a garden, all of the reasonable value of $300. All the improvements were made with the full knowledge of the appellant H. B. Kennedy and of said Gasaway, without protest or objection from either of them and with full knowledge on their part that respondent had established his home upon said lands and

was residing thereon, claiming to be the owner thereof. From the above facts the court concluded that the appellants hold the two tracts in trust for respondent; that if appellants do not voluntarily convey the tracts to respondent by good and sufficient deed, the court should appoint a commissioner to make such conveyance, and that the money paid into the registry of the court by the respondent should be held subject to the order of appellants and Gasaway. Judgment was accordingly entered.

The only question presented by the appeal is whether the facts sustain the conclusion and judgment. Appellants contend that they do not, for the reason that the contract was oral and that it cannot be enforced because of the statute of frauds. A number of authorities are cited to the effect that an oral contract of the character of the one before us does not create a trust which is enforcible. The cases cited, however, treat of the application of the statute of frauds to such contracts without the presence of the element of part performance. This court has adhered to the rule that, where a party has materially changed his situation by a part performance on the faith of an oral agreement, it would be a fraud upon him to permit the other party to defeat the agreement by setting up the statute of frauds. *Borrow v. Borrow*, 34 Wash. 684, 76 Pac. 305; *Jomsland v. Wallace*, 39 Wash. 487, 81 Pac. 1094.

The facts above recited show a clear case of part performance in good faith, relying upon an oral agreement. Respondent's offer in the first place to pay the amount of the purchase money was not refused, but delay was made from time to time upon the simple excuse that the agent wished to confer with the appellant H. B. Kennedy, his partner. For two years and a half respondent was permitted to occupy the lands and to continue making his improvements, appellants knowing meanwhile that he relied upon the agreement and asserted his ownership. In the meantime they neither claimed the land nor sought to disturb respondent's

occupancy or the making of the improvements. Under such circumstances they are estopped to urge the statute of frauds.

The judgment is affirmed.

FULLERTON, CROW, MOUNT, and ROOT, JJ., concur.