[No. 7998.   Department Two.   August 5, 1909.]

ROBERT H. MORGAN, *Respondent*, v. ROBERT S. MORGAN et al., *Appellants*.[1]

SPECIFIC PERFORMANCE—FRAUDS, STATUTE OF—PART PERFORMANCE —EVIDENCE—SUFFICIENCY.  The taking of possession, making part payment, and the making of permanent improvements, entitles a son to specific performance of an agreement by his parents to deed him a tract of land in consideration of his paying off a mortgage thereon, where the contract is clearly established by clear and cogent proof.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered September 26, 1908, upon findings in favor of the plaintiff, in an action for specific performance.  Affirmed.

*Fred Parker, Henry H. Wende*, and *E. B. Cresap*, for appellants.

*Henry J. Snively*, for respondent.

PARKER, J.—This is an action for specific performance of a contract to convey a certain ten-acre tract of land and water rights in connection therewith for the purpose of irrigation thereof.  After a trial upon the merits, the superior court made findings of fact and conclusions of law, and rendered its decree accordingly, favorable to plaintiff and respondent and against defendants and appellants; from which determination of the cause this appeal is prosecuted.  After a painstaking reading of the evidence, all of which is brought here for review, we conclude that it is sufficient to support the findings of the trial court in all essential particulars, which may be summarized as follows:

The appellants are the parents of the respondent, and hold legal title to the land in controversy, which they acquired, with other adjoining land, under the homestead laws of the United States, by patent issued therefor in 1896.

[1]Reported in 103 Pac. 478.

They are also owners of a water right to irrigate the land in controversy, which is represented by ten shares of the capital stock of the Yakima Valley Canal Company, each share representing the water right to irrigate one acre of land, which water right was acquired by them before the making of the contract sought to be enforced in this action.

In the year 1899 the appellants offered and agreed to give, sell, and convey said land and water right to their son, the respondent, upon the consideration that he pay off the pro rata share of the mortgage upon a certain entire tract of land owned by appellants, including the land in controversy, which pro rata share of the mortgage upon the land in controversy amounted to $300 and interest.

The respondent accepted this offer of his parents while it was still open for his acceptance, and thereafter went into possession of the land and expended $150 in improving the same in various ways with a view to making a home for himself thereon. The improvements were of a permanent and substantial character, consisting of excavation for a cellar, and building a permanent stone foundation 30x47 feet, with intent to building a dwelling thereon, also in setting out fruit trees and leveling a yard about such intended dwelling. Respondent also paid appellants the sum of $100 to be applied in part payment upon the $300 and interest he was to pay upon the mortgage in consideration of the conveyance of the land to him; all of which was done by respondent after the acceptance by him of the offer of appellants and the making of the agreement with them, and before the commencement of this action, and with full knowledge and acquiescence on the part of appellants. These things were all done by respondent in reliance upon the agreement with his parents, and with intent upon his part to execute and carry the same into effect. No specific time was fixed between the parties within which the $300 and interest should be paid by respondent, but it was understood that it should be paid whenever he wished to pay the

same before it became due, or thereafter upon demand of appellants or the owner of the mortgage, and respondent offered to pay the same before it became due. This suit was commenced in August, 1902, and prior thereto the respondent offered to fully perform the condition of the agreement, and to pay the balance of the $300 and interest, but appellants refused to accept the same, repudiated the agreement, and denied any and all obligation thereunder. Respondent was in possession of the land at the time of the commencement of this action in 1902, but has since then been expelled therefrom by appellants.

There is some conflict in the evidence as to the making of the contract and as to the exact time of its making, but that there was a meeting of the minds of the parties we think the learned trial court was fully warranted in finding. The same may be said as to the partial payment of the purchase price and the entering into possession by respondent. The making of the improvements upon the land by the respondent is clearly shown, and also that they were made by him in good faith in reliance upon the parol contract which he seeks to enforce.

The contention of the learned counsel for appellants deals almost exclusively with the alleged insufficiency of the evidence in support of the court's findings and its decree based thereon. In arriving at our conclusion upon the respective rights of the parties to this controversy, we do not overlook any of the argument of counsel, or authorities cited in support thereof, to the effect that the contract must be clearly established, both as to its existence and its terms, that the acts claimed as part performance must be equally clear and certain and must have been done in reliance upon the contract; nor do we lose sight of the fact that this agreement was between parents and son while he was a member of the family, and that the agreement to convey on the part of parents was prompted by influences growing out of that relation as well as by the money consideration, and thus had in

it some of the elements of a gift as well as a sale, from which fact of relationship counsel argue that the proof should be more clear and cogent than as if the agreement was between strangers. We express no opinion upon the necessity of clearer proof in this case than if it were between strangers, but conceding such to be a correct rule, as some cases (though not of recent date) cited by counsel seem to hold, we think that, viewing all of the facts and circumstances shown by the evidence in this case, the superior court was fully warranted in decreeing a specific performance of the contract. It is not necessary for us to determine whether or not the possession, the part payment of the consideration, or the making of the improvements, each standing alone, would be sufficient to justify the decree, but all taken together, as here shown and found by the court, is sufficient to take the contract out of the statute of frauds, and warrant its enforcement by a court of equity. 26 Am. & Eng. Ency. Law (2d ed.), pp. 54-58; *Mudgett v. Clay,* 5 Wash. 103, 31 Pac. 424; *Horr v. Hollis,* 20 Wash. 424, 55 Pac. 565; *Menger v. Schulz,* 28 Wash. 329, 68 Pac. 875; *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867; *McKay v. Calderwood,* 37 Wash. 194, 79 Pac. 629; *Jomsland v. Wallace,* 39 Wash. 487, 81 Pac. 1094; *Peterson v. Hicks,* 43 Wash. 412, 86 Pac. 634.

We conclude that the respective rights of the parties were correctly disposed of by the decree of the superior court, and the same is therefore affirmed.

DUNBAR, CROW, GOSE, and MOUNT, JJ., concur.

RUDKIN, C. J., took no part.