[No. 15665. Department One. March 18, 1920.]

A. P. PETERSON et al., Appellants, v. L. H. NICHOLS
et al., Respondents.[1]

FRAUDS, STATUTE OF (43)—CONTRACTS IN PART WITHIN STATUTE—
TRADE OF REAL AND PERSONAL PROPERTY. An entire contract for a
trade of real estate for a stock of goods is governed by Rem. Code,
§ 8745, requiring all conveyances to be by deed, and not by § 5290,
relating to the sale of goods, wares and merchandise; and the part
relating to the sale of land being in parol, the whole contract is
void.

SAME (42)—PART PERFORMANCE—POSSESSION AND EXPENDITURES.
There was no such part performance of an oral contract for the
exchange of lands for a stock of goods as to materially change the
situation of the parties and take it out of the operation of the
statute of frauds, though the owner of the store took possession and
contracted for goods, depositing the proceeds pending consummation
of the deal, where there was no showing that the obligations in-
curred could not be satisfied from the funds deposited, or collected
from the owner of the goods on his refusal to carry out the contract.

Appeal from a judgment of the superior court for
Yakima county, Holden, J., entered April 21, 1919, in
favor of the defendants upon a counterclaim, in an
action to recover money had and received. Reversed.

*Preble, McAuley & Meigs,* for appellants.
*Parker, LaBerge & Parker,* for respondents.

HOLCOMB, C. J.—Peterson and Auld were jointly en-
gaged in a general merchandise business, at Granger,
Washington. Besides the stock of merchandise, which
occupied leased buildings, they were the owners of cer-
tain real estate situated in the same city. L. H. Nichols
was the owner of approximately seven hundred and
forty acres of agricultural land, and personal property
thereon, located in Boundary county, Idaho. In Sep-

[1]Reported in 188 Pac. 498.

tember, 1918, the parties, being Peterson and Auld on the one hand, and Nichols on the other, entered into negotiations for the exchange of properties. After talking matters over at Granger, the parties journeyed to the land in Idaho, and after remaining there about a day and examining a portion of the land, they returned to Granger. Negotiations progressed and approached an agreement for an exchange of the Granger property, both real and personal, for a portion of the Idaho land and certain personal property thereon. It was planned that an inventory of the stock of merchandise should be made to determine the value thereof. The inventory was begun and during the course thereof an arrangement was arrived at whereby Nichols should take possession and carry on the business in his own name, and whatever money was taken in or remained after paying current expenses of the business should be kept in the Union Bank of Granger in the name of L. H. Nichols. In case the deal was consummated, the fund would become the property of Nichols, otherwise he was to hold it in trust for Peterson and Auld. A key to the front door was delivered to Nichols on October 5th, and thereafter he was in possession of the store and conducted the business in his own name until October 28, 1918.

On October 19th a bill of sale for the stock of merchandise and deeds to the lots in Granger were executed by Peterson and Auld and their respective wives, and, together with a deed of all of the Idaho land and a bill of sale of the personal property thereon which had previously been executed by Nichols and wife, were placed in escrow with the Union Bank of Granger. After the execution of these instruments, Peterson again visited the land in Idaho, and upon his return a dispute arose with Nichols as to a dis-

crepancy in the hay crop; and on Monday morning, October 28, 1918, Peterson and Auld, arriving at the store before Nichols, took possession, and when Nichols arrived prevented him by force from entering. They thereupon resumed business in their own names and remained in possession to the time of trial. Nichols, having accumulated approximately $2,000 from the business during the time he was in possession, Peterson and Auld commenced. this action for a recovery thereof. The Union Bank of Granger, as the custodian of the funds, was made a party defendant, although there is no controversy between the plaintiffs and it.

Defendant's answer to plaintiffs' complaint consisted of a general denial, and by way of affirmative defense and counterclaim, he set up the above detailed facts and prayed for specific performance of the agreement and for an accounting. Plaintiffs replied, setting up the statute of frauds, and upon the issues thus formed, the case was tried to the court without a jury. The court entered a decree ordering a specific performance of the contract, and an exchange of deeds and bills of sale and possession of the properties of the respective parties. From this decree, plaintiffs have appealed.

The first question to be considered is, Is this case controlled by § 5290, Rem. Code, relating to contracts for the sale of goods, or by § 8745, Rem. Code, relating to conveyances of real estate? Respondent contends that the conveyance of respondent's land was to be the consideration for appellants' store, and that § 5290, Rem. Code, applies. The contract was one concerning both real and personal property and the conveyance of real estate was involved. The contract was an entire and indivisible one. The fact that the conveyance of real estate was merely a consideration for the

transfer of personal property does not take it out of § 8745, Rem. Code. That section does not limit the conveyances of real estate that shall be by deed, but says *all conveyances*. We are not impressed with respondent's contention in this behalf. The portion of the contract relative to conveyances of real estate, being in parol, is void, unless other circumstances take it out of the statute, and the part being void would render the whole contract void. In this we find authority in the language of Justice Scott in *Swash v. Sharpstein*, 14 Wash. 426, 44 Pac. 862, 32 L. R. A. 796, as follows:

"If the contract is void as to real estate, the plaintiff cannot enforce it as to personalty either, for being void in part it is void as a whole."

See, also, *Edwall v. Jesseph*, 75 Wash. 391, 134 Pac. 1041.

The next question which arises is, Was there such a part performance of the contract as to take it out of the statute? The proposition of law is conceded that specific performance of a contract which by statute is required to be in writing and has not been reduced to writing, is decreed where a party to the contract has materially changed his situation by a part performance on the faith of an oral agreement. *Borrow v. Borrow*, 34 Wash. 684, 76 Pac. 305; *Jomsland v. Wallace*, 39 Wash. 487, 81 Pac. 1094; *Kennedy v. Anderson*, 49 Wash. 14, 94 Pac. 661. It is also conceded sound law that such part performance must be such that the parties cannot be restored to their relative positions. 26 Am. & Eng. Ency. of Law (2d ed.), p. 52; *Johnson v. Upper*, 38 Wash. 693, 80 Pac. 801.

Respondent contends his situation was materially changed by his part performance of the contract. He entered into possession, contracted for additional in-

surance, and also for numerous bills of goods in his own name. If these goods were received, they went into the business, and it is not difficult to deduct the amount of all of them from the funds still in the Union Bank. There is no showing that these bills exceeded in amount such funds in the bank, nor that it would be impossible to recover any amount for such purchases from the appellants. Respondent's contention that he was contracting for a going business in which he expected to earn money far beyond the value of his services alone can be of no weight in the consideration of this point. His situation on account of the part performance as changed from what it had been before, not his anticipated situation after the contract should be consummated, is the thing that governs.

The numerous cases cited by respondent have no relation to the case before us. With one exception, they refer to contracts under § 5290, Rem. Code. In the case of *Matzger v. Arcade Building & Realty Co.*, 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A 288, where an unacknowledged lease of realty was involved, there was such a changed position by the lessee as to take the case out of the statute.

We are of the opinion that respondent has not made sufficient showing to take the situation out of the statute, and that the trial court erred in entering a decree in his favor. The case should be remanded to the trial court for a determination of the balance of the funds, after satisfaction of accounts for merchandise purchased for the business and for insurance premiums on the stock in respondent Nichols' control arising out of the mercantile business, and the entry of a decree awarding such balance to appellants, and ordering the Union Bank of Granger to deliver such portion of the money in the account in its bank to appellants. Moneys

paid out by Nichols for his personal expenses should not be allowed to him.

Reversed and remanded with instructions.

MITCHELL, MACKINTOSH, MAIN, and PARKER, JJ., concur.