[No. 30234. Department Two. December 19, 1947.]

A. H. DUBKE, *Respondent,* v. THOMAS KASSA *et al.,* *Appellants.*[1]

*Tustin, Chandler & Tustin* and *Clyde H. Belknap,* for appellants.

*O. C. Moore* and *W. R. Sampson,* for respondent.

ROBINSON, J.—A. H. Dubke, the respondent, orally agreed to purchase the home of Mr. and Mrs. Thomas Kassa, the appellants, for forty-four hundred dollars, and made a payment of two hundred fifty dollars. The transaction was evidenced by just one piece of writing, a receipt which read as follows:

[1]Reported in 187 P. (2d) 611.

"Received of A. H. Dubke $250.00 as deposit on 2418 E. Hartson. Total price to be $4,400.00.

"Thomas Kassa."

Thereafter, respondent refused to purchase the property, and the appellants were at all times prior to the commencement of this action ready, willing, and able to complete the sale. This action was commenced to recover the two-hundred-fifty-dollar payment. Thereafter, the appellants sold the property to a third party.

■ The applicable rule is that a vendee under an agreement for the sale and purchase of property which does not satisfy the statute of frauds, cannot recover payments made upon the purchase price if the vendor has not repudiated the contract but is ready, willing, and able to perform in accordance therewith, even though the contract is not enforcible against the vendee either at law or in equity. 49 Am. Jur. 870, § 564; 37 C. J. S. 779, § 256; 2 Restatement of the Law of Contracts 614, § 355; *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867 (dicta).

The trial court in this case permitted the vendee to recover the two hundred fifty dollars, because it believed that our decision in *Stanek v. Peterson,* 26 Wn. (2d) 385, 174 P. (2d) 308, made it obligatory so to do. In that case, the vendees did recover the amount paid, but in the concluding paragraph of the opinion it is stated that it was conceded that the vendees could at any time ask for and receive the return of the payment. It is for that reason not an authority for any holding contrary to the rule we have earlier in this opinion declared to be applicable.

It does not seem to be, nor can it be, seriously urged that appellants sacrificed their right to retain the payment received, because they sold the property to a third person after the respondent had commenced this action.

The judgment is reversed, with direction to enter a judgment of dismissal.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.