[No. 31214. Department Two. May 4, 1950.]

JOHN B. BROWNE et al., Appellants, v. MARIE ANDERSON et al., Respondents.[1]

*Hile, Hoof & Schucklin* and *Irving Clark, Jr.*, for appellants.

*Lester E. Kirkpatrick*, for respondents.

[1]Reported in 217 P. (2d) 787.

MALLERY, J.—This is an appeal from a judgment of the superior court of King county, entered June 3, 1949, upon findings in favor of the defendants, in an action to recover earnest money paid.

The case is before this court upon the findings of fact and conclusions of law only, the record containing no statement of facts or bill of exceptions, so the only question is whether the findings support the judgment. *Woodward v. Kuhn,* 32 Wn. (2d) 96, 200 P. (2d) 739.

The trial court found in part as follows:

"(2) That during the month of June, 1947, the parties herein involved entered into negotiations as to the leasing of certain property hereinafter described by defendants to the plaintiffs; that as a result of said negotiations, and on or about June 20, 1947, plaintiffs paid to defendants the sum of Five Hundred Dollars ($500.00) earnest money in return for which defendant A. N. Anderson, on behalf of defendant Marie Anderson, executed a written memorandum acknowledging receipt of the said $500.00 and setting forth an agreement intended by the parties to be the basis for a lease thereafter to be made;  .  .  .

"(4) *That the parties made no agreement as to the time when the said leases were to be entered into, either prior to June 20th or upon the day when the said memoranda were executed.* That at the time of execution of the earnest money receipts above set forth, defendant A. N. Anderson *gave to plaintiff John Browne permission to alter the front of the said building for the purpose of adapting it to plaintiffs' business* if the latter desired to; that no such alteration was in fact made. That the  .  .  .  agreement of the parties was that *rental payments were to commence when the building was ready for occupancy.*

"(5) That thereafter, and during the month of August, 1947, defendants caused leases to be prepared covering the properties referred to in the memoranda  .  .  .  and presented these leases to the plaintiffs for execution by them; that  .  .  .  plaintiffs declined to execute the said leases or to proceed further with the transaction theretofore begun.  .  .  .

"(6) That plaintiffs made no objection to the form of the leases so presented to them  .  .  .

"(7)  .  .  .  that the failure of the parties to consummate the transaction by the eventual execution of leases on

the property of defendants was solely due to the fault of plaintiffs in refusing to execute the leases presented to them by defendants, who were without fault in this matter." (Italics ours.)

Appellants rest their case upon the proposition that the failure of the memorandum agreement to state a date certain for the execution of the leases makes it wholly void, so that an action for money had and received will lie to recover the down payment.

The necessary inferences to be drawn from the court's findings are that the appellants had the right to take the time reasonably necessary to alter the front of the building, and when the premises were ready for occupancy the rental payments were to commence.

That is certain which can be made certain by having recourse to the completion of acts which one agrees to perform, acts that will mature an obligation. In this case, making the premises ready for occupancy was the act contemplated which would start the accrual of rental. The burden of the performance of this act being upon the appellants, they cannot take advantage of their own default in this regard.

The accrual of rent was to be pursuant to the contemplated leases, which the appellants declined to execute when requested so to do. While preparing the premises and executing the leases are distinct acts, they are inseparable and the date of executing the leases is to be determined by the same process which fixes the time for preparing the premises for occupancy. The law infers a reasonable time for the performance of this act by the appellants. This is not a case of an agreement to make an agreement at some undeterminable future date.

Since the trial court found that the failure of the parties to consummate the transaction was due solely to the refusal of the plaintiffs to execute the leases presented to them by the defendants, who were without fault, inferentially recognizing that the building was ready for occupancy, and that the leases were tendered within a reason-

able time, the case comes within the policy announced in *Dubke v. Kassa,* 29 Wn. (2d) 486, 187 P. (2d) 611. That case cited *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867, in which it was said:

"In *Ketchum v. Evertson,* 13 Johns. 358-364 (7 Am. Dec. 384), it is said:

" 'It may be asserted, with confidence, that a party who has advanced money, or done an act in part performance of an agreement, and then stops short, and refuses to proceed to the ultimate conclusion of the agreement, the other party being ready and willing to proceed and fulfill all his stipulations, according to the contract, has never been suffered to recover for what has been thus advanced, or done. The plaintiffs are seeking to recover the money advanced on a contract every part of which the defendant has performed, as far as he could by his own acts, when they have voluntarily and causelessly refused to proceed, and thus have, themselves, rescinded the contract.

" 'It would be an alarming doctrine, to hold, that the plaintiffs might violate the contract, and, because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have.' "

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.