[No. 31432. Department One. October 13, 1950.]

CHAS. JAMES, *Respondent*, v. GEORGE H. BERGER *et al.*,
*Appellants.*[1]

*Clark R. Belknap*, for appellants.
*Brodie, Brodie & Fristoe*, for respondent.

DONWORTH, J.—This is an action to recover damages for the conversion of certain lumber.

The amended complaint contained two causes of action. In the first cause of action it was alleged that, on or about March 20, 1948, the plaintiff had approximately one carload of lumber of the value of $2,022.30 which was located at his place of business in Thurston county and that the defendant George H. Berger, without plaintiff's knowledge or consent, caused the lumber to be removed to Tacoma where this defendant sold it for cash. It was further alleged that plaintiff had made a demand upon this defendant for the value of the lumber and that such demand had been refused.

The second cause of action alleged another act of conversion on the part of the defendants, which occurred at the same time and place. The lumber involved was alleged to be worth $150 for which demand had also been made by plaintiff and refused by defendants.

[1] Reported in 222 P. (2d) 855.

The defendants in their answer denied the material allegations of each cause of action alleged in the complaint.

The case was tried to the court sitting without a jury and resulted in findings of fact and conclusions of law favorable to the plaintiff. The court entered judgment for the plaintiff in the amounts prayed for ($2,022.30 and $150) plus interest.

From this judgment the defendants have appealed.

Appellants assign as error the following acts of the trial court:

"1. The court erred in granting judgment for respondent.

"2. The court erred in not permitting the appellants to prove that J. W. Feak held title to the property in question and at all times exercised acts of ownership over it."

In order to pass upon these claimed errors, it is necessary to consider the proceedings occurring at the trial as set forth in the statement of facts.

However, appellants' proposed statement of facts was filed in the superior court May 24, 1950, which was more than ninety days after the date of entry of the judgment from which this appeal was taken.

Rule of Supreme Court 9 (1), 18 Wn. (2d) 9-a, reads in part:

"A proposed bill of exceptions or statement of facts must be served and filed in the office of the clerk of the superior court within ninety days after the date of entry of the final judgment, or appealable order, for the purpose of appealing from which the bill or statement is proposed."

■ We have many times held that where a proposed statement of facts is not filed within the time specified in this rule, it must be stricken. Accordingly, we strike the statement of facts in this case. *Black v. Porter*, 31 Wn. (2d) 664, 198 P. (2d) 670; *Neill v. Bennett*, 34 Wn. (2d) 128, 208 P. (2d) 137.

■ In the absence of a statement of facts, the only question remaining for us to pass upon is whether the findings of fact made by the trial court support the judgment entered by it. *Browne v. Anderson*, 36 Wn. (2d) 321, 217 P. (2d) 787.

From our examination of the findings we are of the opinion that they include all essential facts necessary to prove the commission by the defendants.of the two acts of conversion alleged in the amended complaint. Since the findings adequately support the judgment of the trial court, its judgment will stand affirmed.

GRADY, BEALS, HILL, and HAMLEY, JJ., concur.

---

November 29, 1950. Petition for rehearing denied.