[No. 31860. Department Two. March 27, 1952.]

Avery Young, *Respondent,* v. Eric S. Smith *et al.,* *Appellants.*[1]

*William V. Cowan,* for appellants.

*George E. Mathieu* and *Emory, Howe, Davis & Riese,* for respondent.

Per Curiam.—This is an action on a promissory note and a chattel mortgage. The case was tried to the court; findings of fact and conclusions of law were made; and judgment was entered for the plaintiff.

On this appeal, the statement of facts was stricken because of appellants' failure to file said statement of facts within ninety days of the date judgment was entered in the superior court as provided by Rule 34(1), Rules on Appeal, 34A Wn. (2d) 36; *James v. Berger,* 37 Wn. (2d) 261, 222 P. (2d) 855.

Appellants list the following assignments of error:

"1. The trial court erred when it held that the evidence was sufficient to bind the marital community on the promissory note.

"2. The trial court erred in permitting into evidence a letter, written a year later, by the former attorney for Hagg to his succeeding attorney which contained hearsay evidence of indebtedness of defendant Hagg to appellant husband. Neither attorney at that time representing the appellant.

"3. The trial court erred in refusing to grant a new trial under the circumstances.

[1]Reported in 242 P. (2d) 177.

"4. The trial court erred in granting excessive attorney fees.

"5. The judgment against appellant marital community is not sustained by the findings."

In order for this court to pass upon the first four assignments of error, it is necessary to consider the proceedings occurring at the trial as set forth in the statement of facts. Since there is no statement of facts to refer to, the only question remaining for us to pass upon is whether the findings of fact made by the trial court support the judgment entered by it. *James v. Berger, supra.*

From our examination of the findings, we are of the opinion that they adequately support the judgment of the trial court, and its judgment will stand affirmed.