I. S. STEVENS, Appellee, v. D. F. WITTER, Administrator, Appellant.

1. **Appeal:** QUESTION NOT RAISED BELOW. In a proceeding to establish a claim against the estate of a decedent, the defense that it was not filed and proved within twelve months after the notice of administration can not be raised for the first time in the supreme court.

2. **Estates of Decedents:** PROVING CLAIMS AGAINST: EVIDENCE NECESSARY. Since by Code, section 2410, all claims against an estate, which are not admitted by the executor, are considered as denied without any pleading on behalf of the estate, it is error for the court to allow a claim not so admitted, without proof on the part of the claimant of the amount due; and a mere showing that he had agreed to perform certain work for the decedent for a certain price, and that he had done the work, is not sufficient.

3. ———: ———: EVIDENCE OF PERSONAL TRANSACTIONS WITH DECED-
ENT. Where a claim against an estate was based upon a written
contract between the plaintiff and the decedent for the erection of a
house for the latter according to certain plans and specifications,
*held*, that the plaintiff, under section 3639 of the Code, was properly
permitted to testify whether or not he had the contract, and whether
he had ever had it, or knew where it was placed, as such testimony
did not relate to a personal transaction with the decedent; but that
it was error, under the same section, to permit him to state that a
certain exhibit was a part of the specifications under which the house
was built, and that it was also error to permit him to testify as to the
provisions of the contract which was shown to be lost.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

SATURDAY, MAY 27, 1893.

PROCEEDING to establish a claim against an estate.
Claim allowed, and the defendant appeals.—*Reversed.*

*Clinton L. Nourse,* for appellant.

*Henry S. Wilcox,* for appellee.

KINNE, J.—I. It is contended that this claim was
not "filed and proved" within the twelve months, as
provided by the statute, and hence it is
barred. Code, section 2421. The claim
was filed within twelve months of the giv-
ing of the notice by the administrator, and proceedings
actually begun to prove it up within the time, but not
concluded until after the expiration of the twelve
months. The claim was for three hundred and seventy-
two dollars, being a balance said to be due on a con-
tract made with the decedent for the erection of a
dwelling house in the city of Des Moines. No question
was made in the district court as to the claim being
barred, and we can not now consider it.

II. It is said that the court erred in establishing
the claim, inasmuch as the plaintiff failed to show that

2. ESTATES of de-  anything was due thereon.   The plaintiff
cedents. prov-
ing claims        insists  that  if  he  shows  the  contract
against: evi-
dence neces-      between  him  and  the  decedent  for  the
sary.
                  erection of the house, wherein the amount
to be paid and the times of payment are set forth, and
if he establishes the fact that the house was in fact
erected in accordance with the contract, plans and
specifications, it is sufficient to establish the liability of
the defendant, and, if payments were made which have
not been credited, it is incumbent upon the defendant
to establish such fact.

Section 2410 of the Code provides: "All claims
filed and not expressly admitted in writing, signed by
the executor with the approbation of the court, shall be
considered as denied, without any pleading on behalf
of the estate." It is said in *Scovil v. Fisher*, 77 Iowa,
97: "The resistance of the defendant put in issue all
matters upon which a defense to the claim could be
based, usually set up by a general denial. It is not to
be presumed that the defendant admitted plaintiff's
right to recover or the validity of his claim." In
*Lamm v. Sooy*, 79 Iowa, 597, in speaking of this pro-
vision of the statute, the court says: "The defendant
not having filed any answer to either petition, it fol-
lows from this provision that each and every allegation
of both of the plaintiff's petitions was denied, and
thereby the burden was cast upon him to prove each
material allegation." The denial which the law inter-
poses makes it necessary for the plaintiff to show that
he had a valid claim against the estate of decedent—
that something was due him. The denial goes to the
entire claim.

It was the purpose of the law to protect estates
against any but legitimate claims, and to that end the
burden is cast upon the claimant to establish his claim.
This can not be done by the plaintiff's showing that
he has carried out a contract which he had entered into

with the decedent, by the terms of which the decedent was to pay him a certain sum of money. It seems to be conceded in argument that there was no evidence showing the amount due the plaintiff. Under such circumstances, the court should not have established the plaintiff's claim against the estate. It is said that payment is an affirmative defense, and must be pleaded and proved by the one claiming that it has been made. That this is the general order may be conceded, but the provision of the statute above quoted renders such rule inapplicable to this class of cases, and imposes on the claimant the burden of showing the amount due.

III. It appears that the claim of the plaintiff is for a balance alleged to be due him on a house built for 3. ——: ——: evidence of personal transactions with decedent. the decedent, McClelland, in the year 1885. It is claimed, and the evidence tends to show, that some time prior to the erection of the house the decedent entered into a written contract with the plaintiff for its erection. It also appears that the house was to be built in accordance with certain plans and specifications agreed upon between the parties. The record is not clear as to whether the plans and specifications were attached to or embodied in the contract, or whether they were separate, though we think the fair inference is that the entire agreement, including plans and specifications, was a part of the contract. On the trial competent evidence was introduced showing that such a contract had been entered into between the plaintiff and the decedent. We are in some doubt as to whether the contract was ever signed by the parties. We do not, however, consider that essential, as it appears that the work was entered upon and prosecuted under the contract, and it was in all respects treated as the contract of the parties.

The plaintiff, as a witness, was asked if he had a contract in his possession or under his control between

him and the decedent relating to the erection of the house, and if he had ever had the contract, or knew where it was placed. These questions were objected to as incompetent, and as calling for a personal transaction between the witness and the deceased. The court overruled the objection, and permitted the witness to answer. Section 3639 of the Code provides: ''No party to any action or proceeding   *   *   *   shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, *   *   *   against the executor, administrator,   *   *   * of such deceased person." We have held that testimony that an instrument was in the handwriting of the deceased, and that he signed it, when based upon the knowledge of the handwriting of the deceased, was not a personal transaction. *Sankey v. Cook,* 82 Iowa, 125. In that case it is said: ''The object of the statute is to so close the lips of the living party to the transaction; that he can not give testimony in regard thereto; that, because of the decease of the other party, he can not dispute, if untrue. The testimony was not of a personal transaction, but touching an ''independent fact,'' which the deceased, if alive, could not dispute. By it, it was shown that no such contract had ever been in the plaintiff's possession. It was proper for the court to receive and consider the testimony.

The plaintiff was also asked what Exhibit B was. The same objection being made and overruled, he testified that it was a part of the specifications he built the house by; that they were the ones he had in his possession. So far as is disclosed by this record, these specifications were a copy of those originally agreed upon by the parties, and, if so, the evidence was inadmissible.

The witness also testified as to the provisions and conditions of the contract which had been entered into

between him and the decedent, and which was shown to have been lost. This evidence was also objected to, and the court reserved its ruling. A motion was made to strike out the testimony because incompetent for the reason before stated, and on this the court reserved its ruling. The question presented is, may the plaintiff, in a proceeding to establish his claim against the estate, testify on his own behalf as to the terms and conditions of a contract entered into between him and the decedent, and under which it is sought to hold the estate liable to plaintiffs? We think the testimony was inadmissible. *Robinson v. James*, 29 W. Va. 224, 11 S. E. Rep. 920. Without this evidence the plaintiff had not established the terms and conditions of the written contract. The direct effect of the evidence was to fix a liability against the estate and in favor of the plaintiff. It was given concerning a matter which the decedent, if alive, might have disputed. The contract of the parties had been reduced to writing. It was a personal transaction, within the meaning of the statute. To permit such evidence to be introduced would defeat the object and purpose for the accomplishment of which the statute was exacted. Without this evidence the court would not be advised as to the terms of the contract between the parties, and hence no liability to the plaintiff was shown.

For the errors pointed out, the case is REVERSED.