[No. 1960.   Decided January 27, 1896.]

AH HOW, *Respondent*, v. JACOB FURTH *et al.*, *Administrators, Appellants.*

STATUTE OF LIMITATIONS — WHEN BEGINS TO RUN — CONTRACT FOR DOMESTIC SERVICES — WITNESS — COMPETENCY — TRANSACTIONS WITH DECEDENT.

Where services are rendered under a contract of employment for an indefinite period, at an agreed rate of wages per month, the contract is continuous, and the statute of limitations will not begin to run until the services are ended.

Payment made upon an indebtedness after the same has become due fixes a new date for the running of the statute of limitations in respect to actions thereon.

In an action to recover for services as a domestic in the family of a decedent, testimony is admissible on the part of plaintiff to show that he was employed in the house of the decedent and the character of the work performed by him there, as such testimony does not come within the prohibition of Code Proc., § 1646, forbidding testimony of conversations had with a deceased person.

Under such circumstances, an account book of the services rendered, with credits, kept by the plaintiff, is admissible in evidence.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Affirmed.

*Carr & Preston, White & Munday*, and *H. E. Shields*, for appellants.

*James Leddy*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellants are the administrators of the estate of Henry L. Yesler, deceased. Respondent brought this action to recover from said estate for services performed as a domestic in the family of the deceased, between the 9th day of February, 1882, and the 1st day of December, 1891, at the agreed salary of $60 per month. The amount of his wages for the entire term is in the complaint alleged to be $6,760, of which amount $4,849 was paid by said Henry L. Yesler during his life time. The appellants, in addition to a general denial, set up two affirmative defenses, (1) that "all claims and demands of the plaintiff . . . were by the said Henry L. Yesler fully paid, satisfied and discharged;" and (2) that the statute of limitations has run against the claim. Upon the trial of the cause below, a jury was expressly waived, and the court made its findings of fact and conclusions of law upon which judgment was entered for the respondent in the sum of $1,767.47; from which judgment this appeal is taken.

It is stated in the brief of appellants that "the principal legal contention is upon the question whether or not the statute of limitations had run, and the admission of certain testimony." We think that the lower court was right in finding against the appellants upon the plea of payment and discharge of said claim during the life time of the decedent. From a somewhat careful and painstaking examination of the entire record we think there was but one employment and one service; that it began February 10, 1882, and ended October 1, 1891, during all of which time the employment was continuous and uninterrupted, except for the period of about five months during the year 1885, when respondent was obliged for business reasons to

make a trip to San Francisco. But he went with the intention of returning to his employment, and he did so return, and the character of his employment and contract was not affected by such interruption.

The lower court found, and we think upon sufficient evidence, that the employment of the respondent by the said deceased was for an indefinite period, at the agreed wages of $60 per month. It also appears that numerous partial payments were made by the said Yesler in his life time, some of said payments being in money direct to respondent. In other instances, cash was paid by said deceased to other parties on account of respondent, for which credit was duly given. Other items of credit relate to rent of a dwelling house which was occupied by respondent for a number of years while he was engaged in such service.

Henry L. Yesler died on the 16th day of December, 1892. This action was brought in February, 1894, and the last item of credit was on the 2d of October, 1891. The lower court found that at no time prior to the 2d of October, 1891, did a period of three years elapse between the dates of said payments or credits, and that "at no time did any balance of said indebtedness remain due and unpaid for a poriod of three years, or become barred by the statute of limitations." We think that the contract of service was a continuous one, and that the statute of limitations did not begin to run until the completion of the service; or, in other words, until the 1st day of October, 1891.

"Where services are rendered under an agreement which does not fix any certain time for payment, nor when the services shall end, the contract of employment will be treated as continuous, and the statute of limitations will not begin to run until the services are ended." *Graves v. Pemberton*, 3 Ind App. 71 (29 N. E. 177).

To the same effect may be cited: *Knight v. Knight*, 6 Ind. App. 268 (30 N. E. 421); *Carter v. Carter*, 36 Mich. 207; *Taggart v. Tevanny*, 1 Ind. App. 339 (27 N. E. 511).

Section 132, Code Proc., is as follows:

"When any payment of principal or interest has been or shall be made upon any existing contract, whether it be a bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the. time the last payment was made."

The legislature of this state, in enacting this provision, has adopted substantially the common law rule, and " by such payment a new date (is fixed) from which the limitation of actions thereon (on contracts) commences to run." *Creighton v. Vincent*, 10 Or. 56.

Upon the examination of the respondent as a witness, he stated that he was a cook during the year 1882. The following question was then propounded: "Tell the judge where you were cooking." This was objected to on the ground that the witness was incompetent to testify. The court in ruling said: "Any transaction with Mr. Yesler or any conversation with him is certainly covered by the statute, but the fact of where he was engaged during a certain period, or where he was, will not come within the rule. Objection overruled to that extent." The witness then proceeded to state that between February, 1882, and October, 1891, he did the cooking, washing and ironing at the home of the deceased, but did not detail any conversation between himself and the deceased.

The appellants contended below and insist here, that this testimony was improper under § 1646, Code Proc. We think, however, that the ruling of the lower court

was right.   The testimony of respondent that he worked at the house of the intestate and the character of the work performed by him was not testimony in relation to a "transaction had by him with, or any statement made to him by," such intestate.   Such testimony related solely to acts of the witness alone, and was, we think, entirely competent.   *Foggette v. Gaffney* 33 S. C. 303 (12 S. E. 260); *Dysart v. Furrow*; 90 Iowa, 59 (57 N. W. 644); *Stevens v. Witter*, 88 Iowa, 636 (55 N. W. 535); *Lerche v. Brasher*, 104 N. Y. 157 (10 N. E. 58).

For the same reason, and upon the same authorities, respondent's exhibit A, which purported to be an account book kept by the respondent, was properly received in evidence, and its admission was not in effect permitting the plaintiff to testify to a transaction with the deceased.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.