[No. 9441.  Department One.  August 1, 1911.]

N. C. BARDSLEY, *as Guardian etc., Appellant,* v. LUCINDA A. TRUAX *et al., Respondents.*[1]

WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEASED. In an action by the heir of a deceased grantor in a deed of gift, testimony of the grantee that he had possession of the deed very soon after its date and had kept it in his trunk ever since, is not inadmissible as evidence of a transaction had with the deceased, within Rem. & Bal. Code, § 1211, excluding such testimony.

ESTOPPEL—ADMISSIONS—PREJUDICES. A party is not estopped to deny admissions sought to be proven against him, when the statements were not admitted and he claimed that he had signed a paper without reading it or knowing its contents, relying upon another to read it to him, and no one was misled thereby to their disadvantage.

Appeal from a judgment of the superior court for Stevens county, Kellogg, J., entered November 9, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to cancel deeds. Affirmed.

[1]Reported in 116 Pac. 1075.

*Belden & Losey,* for appellant.

*E. D. Germain* and *Jackson & Bailey,* for respondents.

PARKER, J.—The plaintiff commenced this action to set aside two deeds of gift, upon the ground that they have never been delivered. A trial before the court resulted in a judgment in favor of the defendants, from which the plaintiff has appealed. The deeds involved were duly signed and acknowledged by Charles E. Truax on January 26, 1903, and by their terms purported to convey to each of the respondents an undivided one-half interest in land in Stevens county. The respondent Lucinda A. Truax was then the second wife of Charles E. Truax; the respondent Leslie A. Truax is his son; and Lena Lavicy Gustine is his grandchild, being the daughter of his deceased daughter, and therefore one of his heirs. Charles E. Truax died May 1, 1906. We will assume that the land involved was his separate property at the time of executing the deeds on January 26, 1903.

The principal contention of counsel for appellant is that the deeds were never delivered to respondents. This contention involves questions of fact only. The evidence produced in behalf of appellant relates to certain alleged admissions of respondents touching the retention of the possession of the deeds by Charles E. Truax during his lifetime. No other evidence was produced in behalf of appellant in support of his allegation of nondelivery of the deeds. These alleged admissions are positively denied by both respondents in their testimony. There was testimony of several witnesses which, if believed, would leave no doubt that each of the respondents has had possession of their respective deeds ever since about January 26, 1903, the date they bear, and that they have also had possession and control of the land since then, managing the same as their own and collecting the earnings thereof. We think the evidence clearly preponderates in favor of the trial court's view that the deeds were delivered at about the date they bear.

Respondent Leslie A. Truax was permitted by the court to testify, over the objection of appellant's attorney, that he had the deed in which he was named as grantee in his possession very soon after the date thereof, and that he thereafter kept it in his trunk among his private effects. This testimony is claimed to have been erroneously admitted, in violation of Rem. & Bal. Code, § 1211, providing that:

"In an action or proceeding where the adverse party sues or defends . . . . as deriving right or title by, through, or from any deceased person, . . . then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him by any such deceased . . . person . . . ."

This was not testimony as to any transaction had with the deceased, nor as to any statement made by the deceased. We think it was admissible. The decisions of this court are in harmony with this view. *Ah How v. Furth*, 13 Wash. 550, 43 Pac. 639; *Marvin v. Yates*, 26 Wash. 50, 66 Pac. 131; *Kauffman v. Baillie*, 46 Wash. 248, 89 Pac. 548. Testimony of respondent Lucinda A. Truax of the same nature was admitted. This was not error for the same reason.

Counsel for appellant contends that the "lower court erred in admitting the evidence which tends to disprove and rebut the admissions of the respondents, contained in the affidavit of Leslie A. Truax and in the verbal admissions of Lucinda A. Truax, because by their words and conduct both of the respondents were estopped to set up any defense or to introduce any testimony which was contradictory of the above mentioned admissions." It would be a strange doctrine that would prevent a party from offering evidence to show that he had not made admissions sought to be proven against him. This is quite another thing than precluding one from denying the truth of statements admitted to have been made by him, where some element of estoppel is involved. The written statement made by Leslie A. Truax purported to contain, among other things, the admission relied upon against him. His

testimony was to the effect that he did not make the statement and did not know it was contained in the writing he signed; that he did not read the writing when he signed it, but depended upon another person to read it to him, who had written his statements down in narrative form from questions and answers then propounded to and answered by him. It is clear there is no element of estoppel here involved. No one was mislead thereby to their disadvantage. The condition of the parties as to their respective rights here involved have not changed a particle, nor was it intended that the statements contained in the writing should have any such effect. This purported admission was not different from any other evidence, and was subject to be controverted as any other evidence. 16 Cyc. 1045; 2 Wigmore, Evidence, §§ 1055, 1056. What we have said applies with even greater force to the purported admission of respondent Lucinda A. Truax, since the admission attributed to her was only oral.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, and MOUNT, JJ., concur.

GOSE, J., concurs in the result.