[No. 11043.   Department One.   August 9, 1913.]

N. J. Bendon, *Respondent*, v. E. A. Parfit *et al.*,
*Appellants*.[1]

Frauds, Statute of—Oral Sale of Land—Part Performance—
Possession and Improvements. There is sufficient part performance
of an oral contract for the sale of land to take the same out of the
operation of the statute of frauds, where the purchaser took and
retained possession with the consent of the vendor, and made permanent improvements consisting of a board house, shed, clearing
and grading, enhancing the value of the property.

Vendor and Purchaser—Contract—Performance by Vendee—
Abandonment. Abandonment by the vendee of a contract for land
to be paid for by doing carpenter work, is not shown by the fact
that the vendee returned an abstract of title on being unable to secure a loan to take advantage of a cash offer, where he had no such
intention and held himself ready at all times to perform the services
agreed upon.

Same—Performance or Breach—Forfeiture—Concurrent Acts.
Vendors selling land in consideration of services to be rendered
cannot put the vendee in default until they have offered to perform,
the payment of the purchase price and delivery of the deed being concurrent acts.

Same—Bona Fide Purchasers—Possession as Notice. Actual
possession of property by a vendee under an oral contract of sale,
with knowledge that the vendee had made the improvements, imparts notice to a subsequent purchaser, who therefore is not an innocent purchaser.

Appeal from a judgment of the superior court for Kitsap
county, McKenney, J., entered August 16, 1912, upon findings in favor of the plaintiff, in an action for equitable relief.    Affirmed.

*William C. Keith*, for appellants.

*Marion Garland* and *Arthur C. McLane*, for respondent.

Gose, J.—The plaintiff filed a bill in equity seeking twofold relief, (a) to obtain a decree directing the cancellation

[1]Reported in 134 Pac. 185.

of a deed executed by the defendants Parfit to their code-
fendants, and (b) to require the Parfits to specifically per-
form a parol contract for the conveyance of certain real
property. The plaintiff prevailed in both aspects of the
case, and all of the defendants have appealed.

The court found that the Parfits, about the 1st day of Sep-
tember, 1909, being the owners of lots 6 to 12, inclusive,
block 10, of Sweeney's addition to the town of Port Orchard,
entered into a parol contract with the respondent whereby it
was agreed that they would sell the property to him for a
consideration of $350, to be paid by the respondent in carpen-
ter work to be furnished by the vendors; that, in pursuance of
the contract, the respondent performed carpenter work for
them of the value of $83, paid them $5 in money, and has
stood ready to complete his contract. The court further
found that the respondent in the fall of 1909, in reliance upon
the contract, took actual possession of the property, erected
permanent improvements thereon of the value of $700; that
he has continued in the possession of the premises; that, on
the 13th day of November, 1911, the Parfits conveyed the
premises to their codefendants and that they took the deed
with full knowledge of the respondent's rights. It further
found that the balance of the purchase price was $262, and
that, in view of the fact that the Parfits had no work for the
respondent, he should pay the balance in money. The decree
ordered the cancellation of the deed from the Parfits to their
codefendants, and directed specific performance of the con-
tract upon the payment of the remainder of the purchase
price in money.

The appellants make four principal contentions: (1) that
the contract is within the statute of frauds; (2) that the re-
spondent abandoned the contract; (3) that specific perform-
ance will not be decreed until there has been a complete per-
formance by the party invoking the relief; and (4) that the
Millers were innocent purchasers. These contentions will be
considered in the order stated.

The findings of the court to the effect that the respondent, in reliance upon the contract, took possession of the property in the fall of 1909, made permanent and valuable improvements thereon and continued in the possession thereafter, is fully sustained by the evidence. The record shows that he erected upon the property a board house 14x24 feet in dimensions and a "good sized" woodshed; that he did clearing and grading of the value of about $200; that he raised a garden on the lots for two or three years; that he lived on the property the greater part of the time after taking possession, and that he at all times kept his household furniture and provisions in the house. The buildings were erected in the fall of 1909. The clearing, consisting of the removal of stumps and logs, and the grading were done in the years of 1910 and 1911. The possession was taken and held under the contract with the knowledge, consent and acquiescence of the vendors. The improvements were permanent in their nature and enhanced the value of the property.

We have uniformly held that such possession and improvements constitute a sufficient part performance to take the transaction out of the operation of the statute of frauds. *Mudgett v. Clay*, 5 Wash. 103, 31 Pac. 424; *Peck v. Stanfield*, 12 Wash. 101, 40 Pac. 635; *Borrow v. Borrow*, 34 Wash. 684, 76 Pac. 305.

The second contention, that the respondent abandoned the contract, is equally wanting in merit. The vendors offered him an abatement of $20 on the purchase price if he would pay the balance in cash, and while he was endeavoring to raise the money, they conveyed the property to the Millers. They now maintain that he was unable to raise the money, and that because he returned an abstract of title which they had furnished him, he elected to abandon the transaction. He testified that he had no such intention, and we think all the circumstances of the case corroborate that view. The evidence shows, and the court found, that the respondent at all times held himself ready to perform his contract, i. e., to do the

work which he had agreed to do and which the vendors had agreed to furnish him. He asserted this fact in his bill and prayed for general relief. This was equivalent in equity to a tender. The decree is made subject to the payment of the balance of the purchase price in money. Of this the vendors may not justly complain. *Ankeny v. Clark*, 1 Wash. 549, 20 Pac. 583; *Colpe v. Lindblom*, 57 Wash. 106, 106 Pac. 634.

The vendors could not put the respondent in default until they had offered to perform. The payment of the purchase price and the delivery of the deed were to be concurrent acts. *Mudgett v. Clay, supra*. The vendors made no tender of performance.

Were the Millers innocent purchasers? We think not. The respondent had the actual possession of the property. This imparted notice of the extent of his rights to all the world. *Kuhl v. Lightle*, 29 Wash. 137, 69 Pac. 630. Moreover, the respondent had applied to Mr. Miller for a loan of money in order that he might take advantage of an offer of the vendors to abate $20 of the purchase price, if he would pay in cash. Miller knew the purpose for which the loan was desired. He testified that the respondent said to him that he would lose the property if he did not succeed in borrowing the money. This the respondent denies. Mr. Miller when on the witness stand was asked:

"Q. You knew he [the respondent] had made improvements and had been living there? A. Yes, that is perfectly correct."

Under these facts, it seems futile to contend that he was an innocent purchaser.

The judgment is affirmed.

PARKER, MOUNT, and CHADWICK, JJ., concur.