[No. 14889.   Department One.   January 6, 1919.]

ULRICK J. RAYMOND *et al., Appellants,* v.
MICHAEL HATTRICK *et al., Respondents.*[1]

SPECIFIC PERFORMANCE (24-1)—FRAUDS, STATUTE OF (46)—GIFT OF
LAND—PART PERFORMANCE.   An oral promise to make a gift of land
accepted by the promisee, who enters into possession and makes
valuable improvements, will be specifically enforced, the making of
the improvements being equivalent in equity to an actual consid-
eration and sufficient part performance to take the case out of the
operation of the statute of frauds.   .

SAME (38)—LIMITATION OF ACTIONS (38, 44)—DEMAND.   Limita-
tions against an action to specifically enforce a promise to make a
gift of land to a son-in-law and daughter, in consideration of living
upon the land and the making of improvements, does not begin
to run until demand for performance and refusal, in view of the
intimate relations of the parties and the fact that there was no
time fixed for performance or notice of breach.

Appeal from a judgment of the superior court for
King county, Dykeman, J., entered December 22, 1917,
upon sustaining a demurrer to the complaint, dis-
missing an action for specific performance.   Reversed.

*Vince H. Faben,* for appellants.

*James R. Chambers,* for respondents.

TOLMAN, J.—Appellants brought suit in King county
to compel specific performance of an oral gift of real
estate.   To the second amended complaint, a demurrer
was interposed, which being sustained, appellants
elected to stand upon their complaint and judgment of
dismissal was entered against them, from which they
appeal.

The second amended complaint alleges, in substance,
that appellants are husband and wife, and that the re-
spondents are the parents of the appellant wife; that
in March, 1912, the respondents were the owners of

[1]Reported in 177 Pac. 640.

lot 9, block 82, in Gilman's addition to the city of Seattle, and also owned and resided upon lot 11 of the same block, situated but forty feet distant from lot 9; that, in order to induce appellants to take up their residence near them, the respondents, in consideration of the benefits to flow therefrom to them, and in consideration of natural love and affection, promised to convey said lot 9 to the appellant wife if the appellants would build a residence thereon and reside therein; that, relying on such oral promise, appellants constructed a substantial residence with all modern improvements, on said lot 9, of the reasonable value of upwards of $2,000, all with the knowledge, consent, and advice of respondents, and went into possession thereof, and have at all times since been in the open and exclusive possession thereof, occupying the same as their residence, in accordance with the oral agreement; that the respondents frequently renewed their promise to convey, but neglected to do so until on or about August 25, 1917, when a demand was made for a deed, and respondents then, for the first time, refused to convey the property.

Two points appear to have been raised by the demurrer: first, that the agreement to convey, being oral, is within the statute of frauds; and second, that the action is barred by the statute of limitations.

Upon the first point, the law appears to be well settled that a sufficient part performance will take the case out of the statute of frauds, and this applies to gifts as well as to contracts.

"The doctrine of part performance applies to gifts as well as to contracts. An oral gift of land, or promise to give land, followed by the vendee's taking possession of the land in pursuance of the promise and making valuable and permanent improvements in reliance thereon, may be enforced by a court of equity

against the donor or his heirs or grantees with notice. If the promise to give is conditioned on the vendee's making improvements, a compliance with the condition furnishes a consideration for the transaction. But it is not necessary that there be a technical consideration. If the promise to give was wholly unconditional, the same relief will be given to the donee, based upon the same reasons of estoppel against the donor and virtual fraud upon the donee because of his change of condition as in the case of a parol sale with possession and improvements. The making of the improvements is both an act of part performance and the equivalent, in the view of equity, of an actual consideration." 36 Cyc. 681.

See, also, *Clancy v. Flusky,* 187 Ill. 605, 58 N. E. 594, 52 L. R. A. 277; *Burris v. Landers,* 114 Cal. 310, 46 Pac. 162; *Wainwright v. Talcott,* 60 Conn. 43, 22 Atl. 484; *Barrett v. Schleich,* 37 Ore. 613, 62 Pac. 792. This court has recognized this rule in *Coleman v. Larson,* 49 Wash. 321, 95 Pac. 262, where Judge Fullerton, speaking for the court, said:

"An agreement for a gift of land will not, of course, be enforced on proof alone of the promise to give. This is true whether the promise be oral or in writing. But where the promisee accepts the promise, enters into possession and makes improvements on the land, or does some other act on the faith of the promise which materially changes his condition, the promisor will be required to make good the gift."

The second point raised is not so easily decided. We have said:

"Courts of equity in cases of concurrent jurisdiction consider themselves bound by the statutes of limitation which govern courts of law in like cases, and this is rather in obedience to the statute than by analogy. Hence, if the statute would bar an action at law, it will be equally a bar in equity, the mode of relief making no difference." *Hotchkin v. McNaught-Collins Imp. Co.,* 102 Wash. 161, 172 Pac. 864.

A doctrine which we in nowise modify. But in this case, while the promise was made in 1912, no time appears to have been fixed for its performance by the delivery of a deed, and at the worst a reasonable time must elapse before the statute would begin to run. Shall we say that, situated as were the parties here, related by the closest ties of blood, living but forty feet apart, and presumably associating daily in the most intimate relations, and with complete trust and confidence each in the other, the strict rule as to what would be a reasonable time as between parties dealing at arm's length should apply? However that may be, is this not rather one of those cases where the statute does not begin to run until there has been a demand for performance and a refusal? Where such a relation exists as is here alleged, it seems to us not only equitable, but logical as well, to hold that there was no breach of the promise sufficient to cause the statute to begin to run until there had been a demand and a refusal. Without such a refusal, appellants could not have been advised of the necessity of resorting to the courts to compel that which theretofore they had every reason to expect would be freely given, and in such a case as this, to hold that the statute had run its course while the appellants were still without any reason to suppose that their rights were in anywise denied or in any way jeopardized, would be to import something into the oral agreement which does not appear on the face of the complaint. In *Sayward v. Gardner,* 5 Wash. 247, 31 Pac. 761, 33 Pac. 389, this court said:

"In the case before us, the contract, which must be treated as an agreement to convey, and not a conveyance, specifies no time at which a deed should be made. The cause of action for its enforcement did not therefore accrue until after demand for the deed or the lapse of a reasonable time. According to the evidence,

Meigs made a demand for a deed from Gardner as soon as he learned where he was, and the first time he saw him after the contract was made. That was certainly within a reasonable time, and this action was begun very soon afterwards, and it follows that it is not barred by the statute of limitations. Indeed, it may be said that the cause of action did not really accrue until appellant Gardner refused, upon demand, to execute a conveyance of the property.''

We conclude, therefore, that the complaint states a cause of action sufficient to call for an answer on the merits.

Reversed, with instructions to overrule the demurrer.

MAIN, C. J., MITCHELL, CHADWICK, and MACKINTOSH, JJ., concur.