[No. 16947. Department Two. March 8, 1922.]

NELLIE SLAVIN, *Respondent*, v. CATHERINE ACKMAN
*et al.*, *Appellants.*[1]

WITNESSES (44, 47)—COMPETENCY—TRANSACTIONS WITH DECEASED—SUBJECT-MATTER—SERVICES. Testimony as to a letter and its contents received from a deceased person, and of acts and services rendered deceased in conformity with such letter, is not within Rem. Code, § 1211, prohibiting a party in interest from testifying as to transactions with one since deceased.

FRAUDS, STATUTE OF (35, 48)—CONTRACT—DESCRIPTION OF LANDS—POSSESSION—PERFORMANCE. A letter from a mother to a daughter offering to give her home to the daughter if the latter will come and take care of her is sufficient proof of the contract between them though there is no description of the premises, where the daughter went into possession of the home property and completely performed the obligations contemplated by the contract.

QUIETING TITLE (23)—PARTIES. Under a contract by a parent to convey the home place to a daughter upon certain conditions, all of which have been performed, the latter is entitled to a decree quieting her title therein as against another daughter, who, with knowledge of the arrangement, had procured a mortgage of the property from the mother without the advancing of any consideration.

Appeal from a judgment of the superior court for King county, Ralston, J., entered November 8, 1921, in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Edward Judd* and *F. P. Rutherford,* for appellants.
*Farrell, Kane & Stratton,* for respondent.

MACKINTOSH, J.—The respondent and appellant are daughters of Ellen Conley, who, at the age of about eighty-six years, died in July, 1920. In June, 1920, she gave to the respondent a deed of all of her property, which consisted of two lots and a house, which she had made her home for many years. In September, 1917,

[1]Reported in 204 Pac. 816.

she had given a deed to the same property to the appellant. This action is to remove the cloud created by the prior deed.

In the year 1910, Mrs. Conley caused a letter to be written to the respondent, who was a widow and was supporting a daughter, living in Troy, New York, and maintaining herself and child by running a lodging house. This letter was as follows:

"Auburn, Wash., August 10, 1910.

"My dear Daughter: .I write you hoping you and Marie are well. Nellie, I want to ask you if you will come out here and take care of me. I am old now, and Kate don't come only when she wants money from me. If you will come out here and take care of me I will give you this little home for taking care of me. . . . Sell all your furniture and you can have mine and Marie can get good work here in the postoffice. . . . Now my dear child, make up your mind and come for I am sick. I need you. . . . Do come to me right away. . . . Come right away for I need you to care for me. You can take roomers and have all you make. . . . I cannot live long and I pray for you to have my little home. Write me if you are coming out. I am still your loving mother.

"(Signed)     Ellen Conley."

Upon its receipt, Mrs. Slavin disposed of her property in New York and came to Auburn to her mother's home, where she has continued to reside from the day of her arrival to the day of her mother's death, except for a period of a few weeks when she was excluded from the house by her sister's husband. During all of this time she attended to the wants of her mother, did all the housework, and through her earnings as an employee of a condensery in Auburn she bought the supplies for the home. The pension money received by her mother was insufficient to pay the street assessments, paint the house, and make necessary sanitary

changes, and respondent aided in meeting these expenses, and generally she did everything that was needed to be done to keep the property in condition. Mrs. Slavin rendered such service to her mother as conduced to her health and comfort. In other words, she did everything that was contemplated by the letter above quoted. Mrs. Ackman knew that her mother had written to the respondent, and was informed of all the conditions upon which the respondent had gone to her mother's house. There is nothing in the record to show the reason for giving the deed of 1917 to the appellant; nor was any testimony offered as to the consideration for it. As a matter of fact, the record shows that, after this action was begun to quiet the title, and a few days before the mother's death, Mrs. Ackman reconveyed the property to her mother and had her mother execute a note and mortgage upon the property; and by an amendment to the complaint, the cloud of this transaction is also asked to be removed from the respondent's title.

There are various objections to the decree of the court granting relief to Mrs. Slavin, the respondent. The first of these is that Mrs. Slavin, by virtue of § 1211, Rem. & Bal. Code, was incompetent to testify. It is true that an interested person cannot testify as to any transaction had by him with, or any statement made to him by, any deceased person, but the testimony offered by the respondent while she was on the stand was not as to any transactions with the mother. She testified that she had received the letter hereinabove set out. We have held that such testimony is not testimony as to a transaction with a deceased person. *Bardsley v. Truax,* 64 Wash. 400, 116 Pac. 1075; see, also, *Josephs v. Briant,* 115 Ark. 538, 172 S. W. 1002, Ann. Cas. 1916E 741; *Bryan v. Palmer,* 83 Kan. 298,

111 Pac. 443; *Dillon v. Gray,* 87 Kan. 129, 123 Pac. 878; *Daniels v. Foster,* 26 Wis. 686.

She also testified as to the acts which she did in conformity with the letter of her mother. We said in *Ah How v. Furth,* 13 Wash. 550, 43 Pac. 639:

"The testimony of respondent that he worked at the house of the intestate and the character of the work performed by him, was not testimony in relation to a 'transaction had by him with, or any statement made to him by,' such intestate. Such testimony related solely to acts of the witness alone, and was, we think, entirely competent."

We, therefore, find nothing improper in the testimony of the respondent.

It is next objected that the letter of August 10, 1910, was insufficient under the statute of frauds for the reason that it contained no description of the property, the subject-matter of the contract. Assuming that the statute of frauds has anything to do with the matter, the answer is obvious that this objection is without merit. We held in *Zinn v. Knopes,* 111 Wash. 606, 191 Pac. 822, that where a person entered into possession under, and did things called for by, an instrument it was sufficient to take the question of the improper description in an instrument out of the statute of frauds, so far as the sufficiency of description is concerned.

All of the testimony shows that the contract was completely performed by the respondent. She went into as complete possession as it was possible to take, and at the same time perform the obligations contemplated by the contract. She made valuable improvements and did everything that her mother had made the basis of her agreement to convey. Had there been no writings, these acts would have compelled the performance of a parol agreement. *Coleman v. Larson,*

49 Wash. 321, 95 Pac. 262; *Morgan v. Morgan,* 54 Wash. 406, 103 Pac. 478; *Worden v. Worden,* 96 Wash. 592, 165 Pac. 501; *Velikanje v. Dickman,* 98 Wash. 584, 168 Pac. 465; *Raymond v. Hattrick,* 104 Wash. 619, 177 Pac. 640; *Johnson v. Puget Mill Co.,* 28 Wash. 515, 68 Pac. 867; *Bendon v. Parfit,* 74 Wash. 645, 134 Pac. 185; *James v. Lueders,* 97 Wash. 560, 166 Pac. 772.

The next objection is that witnesses were allowed to testify as to conversations by Mrs. Conley in regard to her intention of giving the home to the respondent. The objection is that these conversations were had not in the presence of the appellant and are, therefore, hearsay and inadmissible. It is not necessary to say more in passing upon this objection than that the case of the respondent was amply proved without this testimony, and, being tried *de novo* in this court, this testimony need not be considered.

It being established that the contract was made between the mother and respondent to convey to respondent the property upon certain conditions, all of which have been performed, and that the sister, the appellant, was cognizant of the entire arrangement, the conveyances to the appellant were void, both the original deed and the subsequent mortgage, and were clouds which the court was correct in removing from respondent's title. 25 R. C. L. 327; 36 Cyc. 761. The judgment is affirmed.

PARKER, C. J., HOLCOMB, HOVEY, and MAIN, JJ., concur.