[No. 21483. Department One. April 16, 1929.]

W. M. MARSHALL, *Appellant*, v. HILLMAN INVESTMENT COMPANY *et al., Respondents.*[1]

*Clay Lawrence,* for appellant.

*Lane & Thompson,* for respondent Jackson *et al.*

*Fred C. Brown,* for respondent Hillman Investment Co.

HOLCOMB, J.—In this action, appellant prayed specific performance of a certain earnest money

[1]Reported in 276 Pac. 564.

receipt, made a part of his complaint by exhibit; and included in his action a prayer for the reformation of the earnest money receipt by adding and incorporating therein, after the words "Market Street," the words "now East 107th St. projected," and for the conveyance to him of Lot 41 in Block 4, of Riviera Beach, Division No. 3 Addition to Seattle, King county, Washington.

A copy of the earnest money receipt, so far as material here, is as follows:

"Receipt for Earnest Money.
"Seattle, Washington, April 23, 1925.

"Received from W. M. Marshall the sum of Twenty Five Dollars as deposit and part purchase price on Lot............in Block............30 ft. frontage at Lake side View tracts bordering on the water and including the trees, starting from center of Market St., thence 30 ft. north Addition to the City of Seattle, together with all appurtenances; and the above held by us in trust for owner. Total purchase price is Two Hundred seventy-five dollars. Terms as follows: $ all cash cash on approval of title. . . . .

"By J. L. Hoover

"I approve and accept the above agreement and agree to pay J. L. Hoover a commission of Thirteen and 75/100 Dollars.          C. D. Hillman, Owner.

"Per N. E. Perry, Salesman.

"I agree to purchase above property on terms named.          W. M. Marshall, Purchaser."

Riviera Beach Division No. 3, an addition to Seattle, was platted by The National City Bank and Warren, McKernan & Evers on October 29, 1926, or approximately eighteen months after the date of the above earnest money receipt. It is a plat of shore lands of the second class adjacent to Government Lot 4, in Section 27, Township 26, North, Range 4, East, W. M. and other lands in King county, Washington.

Through contracts and conveyances between April

14, 1926, and October 29, 1926, title had passed to Warren, McKernan & Evers, (now Warren, Jackson & Evers, Inc.) and the National City Bank, as Trustee, for the purposes of carrying out the terms of the sale to Warren, McKernan & Evers, for which purposes they joined in platting the land.

On November 1, 1926, Warren, McKernan & Evers sold Lot 41, in Block 4, Riviera Addition Division No. 3 to respondent Connor on a real estate contract, which contract was filed for record in the office of the King county auditor on November 9, 1926, and duly recorded.

Appellant asserts that, in this action, he is entitled to a reformation of a written contract for the sale of the real property by the respondent Hillman Investment Company, a corporation, as vendor, to himself as purchaser; and specific performance of the contract as so reformed and orally modified by subsequent agreement by and between respondents Warren, McKernan & Evers, now Warren, Jackson & Evers, a corporation, the Hillman Investment Company, a corporation, and appellant; or for general equitable relief, among other things, equitable damages to the extent of the value of the property.

Appellant refers us to Rem. Comp. Stat., § 1752, requiring this court to hear and determine all causes removed hereto, on the merits thereof, disregarding all technicalities and considering all amendments made which could have been made.

The first complaint of error by appellant is on the action of the trial court in sustaining the objection of respondents on the ground of the statute of frauds, contending that respondents, not having specially pleaded and raised the defense of the statute in their answer, had no right to raise the objection at the trial.

While the general rule is as appellant contends, that

rule does not apply where an action is based upon a contract which is controlled by the statute of frauds and there must be a valid contract in writing. If the pleader sets out a contract that is within the statute, the defendant may properly demur or he may answer setting up the bar of the statute. If the pleading shows the contract to be in parol and it is admitted without challenge, it is generally held that the defense of .the statute is waived. On the other hand, if the contract is pleaded without the statute, that is, that it is in writing, the pleading is not vulnerable to a demurrer, neither is the defendant bound to plead the statute in his answer. If he denies the contract as pleaded, the defense of the statute is open to him and the objection may be raised at the time of the trial. *Goodrich v. Rogers,* 75 Wash. 212, 134 Pac. 947.

That rule was re-affirmed in *Hendry v. Bird,* 135 Wash. 174, 237 Pac. 317, 240 Pac. 565. See, also, *Cushing v. Monarch Timber Co.,* 75 Wash. 678; 135 Pac. 660, Ann. Cas. 1914C 1239; *Thompson v. English,* 76 Wash. 23, 135 Pac. 664.

We therefore conclude that the foregoing complaint is unfounded.

■ Although an action to reform an executory contract for the sale of real estate may be maintained (*Gilman v. Brunton,* 94 Wash. 1, 161 Pac. 835; *Chapman v. Milliken,* 136 Wash. 74, 239 Pac. 4), and may be maintained at the same time as a suit to enforce specific performance of such contract as reformed, there must be a valid contract in the first place which can be reformed. *Gilman v. Brunton, supra.*

■ The earnest money receipt here constituting the basis of an alleged contract in writing is so deficient in description that no property can be known or identified so as to permit of reformation and specific performance of the contract. No lot or block

is mentioned in the earnest money receipt. Thirty feet frontage at some Lakeside View tracts, bordering on some water, and including some trees, starting from the center of some Market street and thence 30 feet north of some addition to the city of Seattle, are the only descriptions in the writing.

In *Broadway Hospital & Sanitarium v. Decker*, 47 Wash. 586, 92 Pac. 445, where a receipt was also dated at Seattle, Washington, on a certain date and referred to property as "House No. 322, Broadway," as the description, this court said that the writing did not even show the state, county or city within which the property might be found. It was also observed that,

"A description which may be referred to any city in the world where a street of the same name may exist is too indefinite to satisfy even the most liberal view of the statute of frauds."

The description in the writing in the present case is no more definite and certain. It is far more deficient in certainty and definiteness than the descriptions in many of our decided cases. See *Hartigan v. Hoffman*, 16 Wash. 34, 47 Pac. 217; *Thompson v. English; Cushing v. Monarch Timber Co.; Gilman v. Brunton, supra; Rogers v. Lippy*, 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C 583; and *Nance v. Valentine*, 99 Wash. 323, 169 Pac. 862.

It would be necessary here first to construct a written contract for the parties, which is not the proper function of courts.

Appellant also contends that, by part performance of the contract, the earnest money receipt was taken out of the statute of frauds.

The facts thought to show part performance by appellant by way of possession and improvement consist only in transient occupation of the alleged premises, after the earnest money receipt was delivered to ap-

pellant, at intervals during two or three months of the summer, in a tent as a summer home by appellant; the use by the children of appellant as a playground and bathing beach; the construction of a small open-air concrete stove or oven, and the erection of a very slight fence across an end and the sides of the premises, the materials for the concrete oven being taken mostly from sand and gravel upon the land.

Assuming, for the purposes of argument, that these small visible improvements and the slight transient possession of the premises were upon lands contracted to be conveyed by someone to appellant, we do not think they constitute sufficient part performance to take the case out of the statute of frauds. Appellant had not made such improvements or gone to such expense that he had changed his situation to his great detriment nor had made such permanent and valuable improvements as greatly enhanced the value of the land. *McKay v. Calderwood,* 37 Wash. 194, 79 Pac. 629; *Bendon v. Parfit,* 74 Wash. 645, 134 Pac. 185; *Raymond v. Hattrick,* 104 Wash. 619, 177 Pac. 640, and *Peterson v. Nichols,* 110 Wash. 288, 188 Pac. 498.

The trial court granted judgment in favor of appellant against the Hillman Investment Company for the twenty-five dollars which had been paid by appellant, and which had found its way into the treasury of the company, and allowed appellant costs against the Investment Company.

We think this the extent of equitable relief to which appellant is entitled in this case.

The judgment is affirmed.

FULLERTON, MAIN, TOLMAN, and BEALS, JJ., concur.