[No. 32899.   Department Two.   November 26, 1954.]

ARNOLD BOETTCHER, *Appellant*, v. JOHN BUSSE, JR., *et al.*, *Respondents and Cross-appellants.*[1]

[1] Reported in 277 P. (2d) 368.

*Hawkins & Sackmann*, for appellant.

*Cheney & Hutcheson, Velikanje, Velikanje & Moore*, and *Paul M. Goode*, for respondents and cross-appellants.

WEAVER, J.—This is an action to establish an alleged oral contract to make a will in favor of plaintiff. The trial court sustained a challenge to the sufficiency of plaintiff's evidence. Plaintiff appeals from a judgment of dismissal.

All of appellant's assignments of error raise the same question: Did respondents waive the exclusionary provisions of RCW 5.60.030, Rem. Rev. Stat., § 1211, the applicable portions of which read as follows:

". . . in an action or proceeding where the adverse party sues or defends as executor, administator, or legal representative of any deceased person . . . a party in interest or to the record, shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him, or in his presence, by any such deceased . . . person, . . . *Provided further*, That this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and have no other or further interest in the action."

Appellant Arnold Boettcher and Fred Boettcher are brothers. They and John Busse, Jr., are nephews of Carl

Busse, who died October 7, 1952. Fred and John, respondents, are the coexecutors of Carl Busse's estate.

Decedent made numerous bequests; among them was one to appellant for one thousand dollars. The residue of the estate is devised and bequeathed to respondents, share and share alike.

Appellant alleged in his amended complaint that decedent agreed to divide his estate equally between appellant and Fred Boettcher; that decedent's promise was in consideration of work done and to be done by appellant in the operation and management of decedent's extensive properties; that appellant performed his part of the agreement; that Fred Boettcher (who had also been employed by decedent since 1923) refused to work with appellant; that decedent then advised appellant that it would not be necessary for him "to work further but that the agreement with respect to sharing the estate would remain as previously agreed upon."

From the evidence, it appears that appellant's work was not continuous; that he was paid the prevailing hourly wage (if not more) for his work; and that his employment terminated in 1941, except for one day which he worked in 1942.

Appellant argues that respondents waived the exclusionary provisions of the quoted statute (a) by certain cross-examination and (b) by introduction in evidence of appellant's original complaint and the creditor's claim filed by appellant, upon which the action is based.

Reduced to its simplest terms, the situation, upon which appellant relies to establish a waiver of the statute by cross-examination, arose as follows:

Appellant's counsel called respondent Fred Boettcher (coexecutor of decedent's estate and one of the residuary legatees under the will) as an adverse witness. Upon examination, he testified to the time and the nature of the work done by appellant for decedent. Appellant's counsel then asked respondent:

"Q Did your uncle, Carl Busse [the decedent], pay Arnold [the appellant] for the work that he did?"

The statement of facts shows no answer to this question. Counsel immediately asked:

"Q What did he agree to pay Arnold for the work he did? A The same as anybody else, as any other man. Q *Well, what was it?* A *About thirty cents an hour.*" (Italics ours.)

The cross-examination of respondent Fred Boettcher by his own counsel did not go beyond the scope of the direct examination. It was confined to the time, the nature of appellant's work for decedent, and the compensation received by appellant.

Appellant was then called to testify. The trial court sustained objections to questions dealing with the alleged oral contract between appellant and his deceased uncle. Objections were also sustained to similar questions propounded to appellant's wife.

■ The bar of the statute may be waived. *Johnson v. Peterson,* 43 Wn. (2d) 816, 264 P. (2d) 237 (1953), and cases cited. If the bar of the statute is waived, or, if evidence of conversations or transactions with the decedent by parties in interest is admitted without objection, the evidence is entitled to the same credence and weight as any other evidence received. *In re Dand's Estate,* 41 Wn. (2d) 158, 247 P. (2d) 1016 (1952).

■ We agree with the trial court that the quoted testimony and the circumstances under which it was given did not constitute a waiver by respondents of the bar of the statute; for testimony by a party in interest, as to the performance of labor or the rendition of services for the decedent, is not prohibited under the statute as a transaction with the decedent. In *Ah How v. Furth,* 13 Wash. 550, 554, 43 Pac. 639 (1896), this court said:

"The testimony of respondent that he worked at the house of the intestate and the character of the work performed by him was not testimony in relation to a 'transaction had by him with, or any statement made to him by,' such intestate. Such testimony related solely to acts of the witness alone, and was, we think, entirely competent. (Citing cases.)

"For the same reason, and upon the same authorities, respondent's exhibit A, which purported to be an account book kept by the respondent, was properly received in evidence, and its admission was not in effect permitting the plaintiff to testify to a transaction with the deceased."

See *Sanborn v. Dentler*, 97 Wash. 149, 166 Pac. 62, 6 A. L. R. 749 (1917); *Slavin v. Ackman*, 119 Wash. 48, 204 Pac. 816 (1922).

■ Evidence of the work which appellant did for decedent and the pay received for it did not tend to prove that a contract had been made, under which decedent agreed to will property to appellant. Hence, such evidence does not constitute a waiver of the bar of the statute. See *Blodgett v. Lowe*, 24 Wn. (2d) 931, 167 P. (2d) 997 (1946).

The trial court did not err when it rejected appellant's offer of proof which encompassed conversations and transactions between appellant and decedent.

■ Appellant Boettcher and his wife were married prior to the alleged transactions between appellant and decedent. Any property acquired by this suit would be the community property of appellant and his wife. Under such circumstances, she is a party in interest. The trial court did not err when it refused to permit her to testify concerning the alleged conversations overheard by her. *Andrews v. Andrews*, 116 Wash. 513, 199 Pac. 981 (1921). Annotation: Dead man's statute as applicable to spouse of party disqualified from testifying. 27 A. L. R. (2d) 538 (1953).

During cross-examination of appellant, respondents' counsel had him identify (a) his signature and verification of the original complaint in this action, to which is attached a copy of the creditor's claim filed by appellant against the estate; and (b) his signature and verification of an amended complaint. Respondents' counsel then stated:

"We offer in evidence the documents that have been referred to, that is, the original complaint, and the claim attached to it, and the amended complaint, *our purpose being to show inconsistency.*" (Italics ours.)

The pleadings were admitted in evidence without objection.

The claimed inconsistency is this: The creditor's claim, upon which the original complaint is based, is for *one third* of decedent's estate, or for an equal share thereof with respondents Fred C. Boettcher and John Busse, Jr. The amended complaint prays for an equal portion of the residue of the estate shared with respondent Fred C. Boettcher.

Appellant *was not examined* by respondents' counsel concerning any of the allegations appearing in the pleadings.

■ We cannot agree with appellant that the introduction of these pleadings constituted a waiver of the bar of the statute. They were not introduced by respondents as admissions of the facts therein set forth, but, as stated by counsel, were introduced for the purpose of showing that appellant had been inconsistent in the claim made by him.

Had respondents' counsel interrogated appellant about any conversations or transactions with decedent, alleged in the pleadings, then a different question would be presented. The situation would be analogous to that of *Levy v. Simon*, 119 Wash. 179, 205 Pac. 426 (1922), relied upon by appellant. Therein, the administrator offered in evidence the answers given by the opposing party to certain questions asked him at a former trial. It was offered to show contradictory statements, and admissions and declarations against interest. This court said:

"Having done so, appellants were in no position to object to the introduction of the remainder of his testimony for the purpose of harmonizing and reconciling all of his testimony, if possible." (page 186)

The purpose of introducing the pleadings in the instant case, as the trial court said,

". . . was not to show what the transaction had been with the deceased, but rather was for the purpose of showing that the plaintiff [appellant] on two separate occasions following the death of the deceased had taken contradictory positions as to what that transaction had been; in other words, it certainly was not offered by the defendants [respondents] for the purpose of establishing the transaction, but merely to show that he, the plaintiff [appellant], had taken inconsistent positions since the death of deceased."

The trial court gave appellant an opportunity to explain and reconcile the alleged inconsistencies of the pleadings. However, it was not error to prohibit him from testifying concerning conversations or transactions between him and decedent.

█ Appellant's evidence to sustain the alleged oral promise of decedent to will him a portion of his estate is not "conclusive, definite, certain and beyond all legitimate controversy." *Henry v. Henry,* 138 Wash. 284, 286, 244 Pac. 686 (1926). The judgment of dismissal is affirmed.

Respondents cross-appeal from that portion of the judgment which dismisses, with prejudice, their cross-complaint praying that the bequest to appellant be reduced from one thousand dollars to one dollar.

Decedent's will provides

". . . in the event any person who is named as beneficiary under this Will shall attempt to break the terms and conditions of this Will, then and in that event such person so attempting shall forfeit all of his or her interest in said estate and shall be granted the sum of One Dollar ($1.00) and no more."

This court has recognized the validity of such provisions. *In re Chappell's Estate,* 127 Wash. 638, 221 Pac. 336 (1923); see "Provisions in a will forfeiting the share of a contesting beneficiary." 3 Wash. L. Rev. 45 (1928).

█ However, the instant case is not a will contest. It is an action to enforce the terms of an alleged oral contract to devise property. It is based upon a creditor's claim filed against decedent's estate. Although the allowance or enforcement of such a claim would—as would the allowance or enforcement of any other creditor's claim—change the amount received by the residuary legatees, it would not "break the terms and conditions of this will," nor would it establish appellant as a residuary legatee. The filing or enforcement of a creditor's claim, by a legatee or devisee, does not invoke the provision of a will forfeiting the share of a contesting beneficiary. *Wright v. Cummings,* 108 Kan. 667, 196 Pac. 246, 14 A. L. R. 604 (1921).

The trial court did not err when it dismissed respondents' cross-complaint with prejudice.

The judgment is affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.

