110 So.2d 25 (1959)
Joyce B. KOLB, Appellant,
v.
Jeanette V. LEVY, as Executrix under the Last Will and Testament of Regina Rosenthal, deceased, Appellee.
No. 58-238.
District Court of Appeal of Florida. Third District.
April 2, 1959.
*26 J.M. Flowers, Miami, for appellant.
Marion Brooks and Redfearn, Ferrell & Simon, Miami, for appellee.
HORTON, Judge.
This is the second appearance of these parties in this Court. Kolb v. Levy, Fla. App. 1958, 104 So.2d 874. In the first appearance, this court affirmed an order of the county judge removing the appellant as one of the personal representatives of the decedent's estate because of conflicting or adverse interests occasioned by the filing of claims against said estate by the appellant.
The instant case involves the same claims filed by the appellant. However, we are now asked to review and reverse a final decree of the Circuit Court adverse to the appellant, which resulted from an action instituted by her for declaratory relief. The appellant is a legatee under the last will and testament of the decedent.
The last will and testament of the decedent contained a "no-contest" clause as follows:
"Eleventh: If any beneficiary of this my Last Will and Testament shall contest or aid in contesting any portion of this my Last Will, any legacy or bequest herein provided for said person shall lapse and become void, and such legacy or bequest shall become part of my residuary estate to be divided equally among the remaining persons mentioned in paragraph `Ninth' hereof as my residuary legatees, or their issue surviving, per stirpes, who have not contested or aided in contesting this my Last Will and Testament."
The pertinent portion of the final decree necessary to this review reads thusly:
"* * *; that the plaintiff contested the probated will by filing said claims and by filing the complaint for declaratory decree on one of them, and she, therefore, forfeited her rights as a legatee under the probated will of said deceased." [Emphasis supplied.]
Prior to the filing of the complaint for declaratory relief, the appellant had filed four claims against the estate totaling some $495,000. Objections were filed to these claims by the other personal representative in the probate proceedings. Suit on one of these claims for $10,000 was filed in the Circuit Court of Dade County, but was subsequently dismissed.
By her amended complaint for declaratory relief, the appellant specifically abandoned three of her four claims against the estate, but apparently retained such rights, if any, as she had for the alleged breach of contract by the decedent to make a will in appellant's favor. This latter claim allegedly amounted to $350,000. The estate of the decedent had been appraised at approximately $395,000, so that if appellant should or could succeed on this latter claim, it would, in effect, consume the major portion of decedent's estate. The appellee's counter-claim specifically raised the issue of appellant's actions as violative of the "no-contest" clause of the will, and concluded that appellant had thereby forfeited any rights under said will as a beneficiary or legatee.
*27 Although the appellant urges reversal of the decree upon several grounds, nevertheless the principle underlying these grounds is that the appellant's actions in filing the claims in the estate and her subsequent action for declaratory relief do not amount to a "contest" of the will of the decedent so as to work a forfeiture of appellant's legacy under the last will and testament of decedent.
Conversely, the appellee contends that the attempt on the part of the appellant to enforce the contract to make a will and thereby destroy the effect of the will amounts to a contest.
The amended complaint on which the final hearing was based contained five separate prayers for relief. At the final hearing, the appellant, through her counsel, abandoned all prayers for relief except prayer No. 1, which asked the court, in effect, to answer a question as to whether the filing of the claims without the prosecution of a suit thereon amounted to a contest of the will so as to deprive the appellant of her rights as a beneficiary thereunder. As has previously been pointed out, the court by its decree answered this question in the affirmative.
Under the common law there appears to have been no right or authorization to contest the will of a decedent but in the case of In re Dana's Estate, 138 Fla. 676, 190 So. 52, the court held that § 67 and other provisions of the Probate Act of 1933, Acts 1933, c. 16103, gave such right to heirs, legatees, devisees, distributees, spouses, creditors, or others having a property right or claim against the estate of a decedent being probated under a will.
Following this, in the case of Wells v. Menn, 158 Fla. 228, 28 So.2d 881, 169 A.L.R. 892, the Supreme Court concluded that an answer by certain legatees, made to a petition to probate a will in which they challenged the bona fides of the will, did not come within the condemnation of a "no-contest" provisions of said will. The pertinent provisions of the will provided that if any legatee should, in any manner, directly or indirectly, contest or question the acts of the testatrix in making the will, such legatee would forfeit his legacy.
This case was shortly followed by Porter v. Baynard, 158 Fla. 294, 28 So.2d 890, 897, 170 A.L.R. 747, which also involved the question of whether an answer by certain beneficiaries, which questioned a portion of a will, was a contest within the provisions of the "no-contest" clause. The beneficiaries, by answer to a petition for declaratory decree, contended that a certain provision of the testatrix' will was illegal and void since property rights or interest were sought to be conveyed contrary to the common law rule against perpetuities. The "no-contest" clause simply stated that anyone who should contest the will would be cut off from any share whatsoever in the testatrix' estate. The Supreme Court, in concluding that such action by the beneficiaries in filing an answer did not work a forfeiture of their interest in the estate, said:
"The general authorities applicable to this point are in conflict and therefore irreconcilable. The latest textbooks and general trend of holdings by courts of other jurisdictions are that conditions in a will `prohibiting a contest' are void on the ground of public policy. Simes on Law of Future Interest, Vol. 2, p. 552, par. 609. The filing of a bill of complaint seeking a construction of a will by the courts is not a contest of the will nor does the filing of a caveat violate such a condition. Where the contest of a will is made in good faith and for probable cause it is not a contest  the theory of such a conclusion being that the testator could not have intended to prevent a beneficiary from having his doubtful rights judicially determined. Thompson on Construction of Wills pp. 676-678, par. 533."
Forfeitures by reason of "no-contest" clauses in wills have generally been strictly *28 construed and interpreted. See In re Bergland's Estate, 180 Cal. 629, 182 P. 277, 5 A.L.R. 1363; In re Seipel's Estate, 130 Cal. App. 273, 19 P.2d 808; In re Dow's Estate, 149 Cal. App.2d 47, 308 P.2d 475.
Because of the variety of forms of testamentary provisions forfeiting the share of a beneficiary who contests a will, general rules cannot be laid down as to what constitutes a contest or attempt to defeat a will. See 49 A.L.R.2d 198. Demonstrative of the many types of forfeiture provisions in wills is the one contained in the California case of In re Kitchen's Estate, 192 Cal. 384, 220 P. 301, 303, 30 A.L.R. 1008. There, the will contained a provision for forfeiture of a legacy if any beneficiary "shall commence any suit in any court, * * * sue and disturb * * my executor". One of the legatees instituted an action for collection of an alleged debt against the estate. The court held that the forfeiture provision was valid, not against public policy and that since the testatrix was dealing with her own property, the beneficiary claiming thereunder was obliged to take the gift upon the terms offered. The court said:
"Having made her choice of attempting to establish her claim rather than the choice of accepting the legacy, she must accept the penalty prescribed in the will for such an attempt  the forfeiture of the legacy."
Another example is the case of Boettcher v. Busse, 45 Wash.2d 579, 277 P.2d 368, 371, 49 A.L.R.2d 191. The will in that case provided that a legatee or devisee would forfeit his share if he contested the will. One of the beneficiaries instituted an action to establish an oral contract to make a will in his favor and the Washington court in that instance held that such action did not constitute a contest of the will under the terms of the forfeiture clause, and said:
"It is an action to enforce the terms of an alleged oral contract to devise property. It is based upon a creditor's claim filed against decedent's estate. Although the allowance or enforcement of such a claim would  as would the allowance or enforcement of any other creditor's claim  change the amount received by the residuary legatees, it would not `break the terms and conditions of this will,' nor would it establish appellant as a residuary legatee. The filing or enforcement of a creditor's claim, by a legatee or devisee, does not invoke the provision of a will forfeiting the share of a contesting beneficiary."
Although we have been unable to find any cases in Florida dealing directly with the point in question, we conclude that the better rule, supported by the majority view, is that forfeitures occasioned by "no-contest" clauses of wills should be strictly construed and interpreted according to the plain meaning of the words employed by the testator. In this instance, the prohibition was against any beneficiary contesting or aiding in contesting any portion of the will, and absent any showing or adjudication that the appellant prosecuted or attempted to prosecute any of her alleged claims in bad faith or without reasonable or probable cause, we conclude that her actions did not constitute a contest within the meaning of that provision of decedent's last will and testament. We have confined our conclusion here to an interpretation of the plain and unambiguous wording employed by the testatrix in the "no-contest" clause of the will.
Accordingly, the decree appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.