## In re CANTOR'S WILL.

No. 55780.

County Judges' Court, Dade County.

March 24, 1965.

172

A. Jay Cristol and Albert J. Weintraub, both of Miami, for petitioner.

Bernard C. Fuller and Laurence Feingold, both of Miami Beach, for the co-executors.

GEORGE T. CLARK, County Judge.

*Order granting petition for payment of legacies:* This matter is before the court upon the petition pursuant to Florida Statute 734.03, filed by Edith Cantor, and the response to said petition filed by the co-executors of this estate. The petitioner is the widow of William E. Cantor, and she seeks payment of the legacies to her under articles second and third of the last will and testament of William E. Cantor. The co-executors are the children of William E. Cantor by a prior marriage. In their response they seek under article eight of the said will to charge the legacies to Edith Cantor with all of the costs and expenses (including attorney fees) of the successful defense of two actions filed in the circuit court by Edith Cantor. These actions were to set aside a pre-marital agreement and to quiet title to certain real property.

This matter was argued before the court by counsel for each party, and each filed a written brief in support of his position.

The rule in Florida is that in terrorem, or no contest, clauses must be strictly construed. Kolb v. Levy, 110 So.2d 25. The court finds that neither a suit to determine the validity of a pre-marital agreement, nor an action to determine title to real property is a "proceeding to oppose the probate of this will or to impeach, impair, or set aside, or invalidate any provision of this will", and that there is no evidence before the court of bad faith on the part of Edith Cantor.

The matter of the widow's allowance raised in the brief of the co-executors is not now before the court.

It is, therefore, ordered and adjudged that article eighth of the will of William E. Cantor is not applicable in this case, and that the co-executors of the estate are not entitled to charge the legacies of Edith Cantor with the costs and expenses (including attorney fees) of the defense of the two actions instituted in the circuit court by Edith Cantor.

It is further ordered and adjudged that the petition of Edith Cantor for payment of the legacies to her under articles second and third of the will is granted, and the co-executors are authorized and directed forthwith to pay to Edith Cantor the sum of $5,000 under article second of the will, and to forthwith pay to Edith Cantor one-half of the net income which has accrued from the premises at Homestead, Florida, under article third of the will, and future net income therefrom as it accrues.